**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bill P. SEELY, Defendant-Appellant.**

**No. 76–1833.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Dec. 12, 1977.

Decided Feb. 6, 1978.

Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., Tulsa, Okl., with him on the brief), for plaintiff-appellee.

Bryan Morgan, Haddon & Morgan, Denver, Colo., for defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This appeal is from a conviction for receiving and storing a stolen motor vehicle in violation of 18 U.S.C. § 2313. Appellant complains because the trial court refused to suppress evidence which was clearly the fruit of a search of the vehicle conducted after a warrant had been issued but before it was delivered to the searching officers. The government claims consent. The trial court, after hearing, believed the government. There was an abundance of facts to support the court's finding.

The relevant events began when appellant approached the parked car of an officer on a public road near his home. He inquired about the officer's identity and purpose. When informed the officer was keeping surveillance of the vehicle in question, he invited the officer to conduct a search. The officer waited briefly for others to join him. Before leaving his car he was informed by radio that a warrant had been issued and was in transit to the site. Without waiting for that authority the officer pursued appellant's invitation, advising him from the outset of his constitutional rights. *Miranda v. Arizona,* 384 U.S. 436 (1966).

Once inside appellant's house, one agent who became obnoxious to appellant was ordered either out of the house or off the premises (the record is not clear which). The offending agent left the house upon this demand. Thereafter, appellant called a lawyer and was correctly advised that since the only authority for the search was his consent he could terminate it at will. He did exercise some rights to refuse to answer questions and to sign a written consent to search form, but except for the order to the offensive agent he never indicated directly or indirectly an intent to revoke his invitation to search. Indeed, even after advice from an attorney that he need not, he renewed the invitation to search the motor vehicle and did not object when he watched the offending officer actually carrying out that search.

The trial court clearly believed this version of the facts, essentially undisputed and largely corroborated by appellant's own testimony. The court correctly and expressly held that the issued but undelivered warrant was no authority for this search, thus placing its finding solely on consent and avoiding the difficult problems raised by *United States v. Woodring,* 444 F.2d 749 (9th Cir. 1971), cited in appellee's brief.

There is no doubt that the government met its heavy burden to show the consent was voluntary at its inception and throughout its continuation. *See United States v. Abbott,* 546 F.2d 883 (10th Cir. 1977). Here there was no hint that voluntariness was overcome by threat of a non-available search warrant. *See Bumper v. North Carolina,* 391 U.S. 543 (1968). The entry to the property was initiated by appellant and the consent was renewed even after objectionable behavior by one officer and defendant's receipt of legal advice.

During a recess in the midst of the trial, defendant's seasoned trial counsel tragically suffered a heart attack and died. Defendant subsequently advised the court he desired to proceed with the assistance of an associate of his deceased counsel. This traumatic event gives rise to defendant's second complaint on appeal. He asserts denial of his right to effective assistance of counsel under the Sixth Amendment.

After the heart attack occurred in the early afternoon of Thursday, July 22, 1976, the trial was continued until the following Monday. In the interim, substitute counsel apparently requested and received transcripts of some of the proceedings. The trial resumed on Monday, July 26, with substitute counsel completing the cross-examination of the last prosecution witness and presenting the defendant's case. There is nothing in the record indicating a further continuance was desired or requested. Indeed, on the record before this court it is apparent that substitute counsel was familiar with much of what previously occurred in the trial. She also participated in the research on the motion to suppress and was present at voir dire.

It is urged in defendant's brief that the record before this court is incomplete on this issue. The docketing statement indicated defendant would move to supplement the record, but no such motion has been made. Counsel on appeal also hints that the outcome may have been affected by replacement counsel's inexperience. Defendant bears a heavy burden to establish ineffectiveness of counsel. *Ellis v. Oklahoma,* 430 F.2d 1352, 1356 (10th Cir. 1970), *cert. denied,* 401 U.S. 1010 (1971). As in *United States v. Waters,* 461 F.2d 248, 250 (10th Cir.), *cert. denied,* 409 U.S. 880 (1972), we find "[t]he record before us now clearly shows [substitute] counsel exercised laudable participation" in the trial proceedings. The record of substitute counsel's handling of the trial shows that this issue is insubstantial. Appellant has altogether failed to meet his burden to show denial of effective assistance of counsel.

■ Defendant's final point is equally insubstantial. He complains of the admission of certain rebuttal testimony. Since defendant testified about the matters addressed on rebuttal, the admission of the government's testimony was within the discretion of the trial court.

AFFIRMED.