# UNITED STATES of America, Plaintiff-Appellee,

v.

# Peter Francis GUGLIELMO and Michael Cicala, Defendants-Appellants.

## Nos. 87–1329, 87–1330.

United States Court of Appeals, Tenth Circuit.

Nov. 30, 1987.

---

Ronald G. Pretty, Cheyenne, Wyo., and Steven A. Morelli, Carle Place, N.Y., for defendants-appellants Peter Guglielmo and Michael Cicala.

Lisa E. Leschuck, Asst. U.S. Atty., and Richard A. Stacy, U.S. Atty., Cheyenne, Wyo., for plaintiff-appellee U.S.

Before SEYMOUR and BALDOCK, Circuit Judges, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

Defendants-Appellants argue on appeal that the district court erred in denying their motion to suppress evidence. Defendants entered a plea of guilty to conspiracy to distribute marijuana and possession with intent to distribute marijuana, with the understanding that they could challenge the district judge's denial of their motion to suppress. The primary issue at the suppression hearing was whether the defend-

ant Cicala consented to a search of his vehicle and luggage.

Defendant Michael Cicala was driving a motor vehicle on October 10, 1986, in Albany County, Wyoming. In the car with Cicala was his co-defendant Peter Guglielmo, and Guglielmo's wife, Janet. Trooper Lance Novak of the Wyoming Highway Patrol stopped Cicala for speeding on Interstate 80 after Novak's radar unit indicated that Cicala was traveling 78 miles per hour in a 55 mile per hour zone.

Novak requested that Cicala sit in the patrol car with him while Novak filled out a speeding ticket. Cicala produced a driver's license and a registration slip for the car. The registration showed that Cicala had rented the vehicle.

While Cicala was sitting in the patrol car, Novak noticed a faint odor of marijuana about Cicala's person. Novak's testimony showed that Cicala was extremely nervous and would not look at the officer while they were in the patrol car.

According to Novak's testimony at the suppression hearing, Novak then asked Cicala if he was carrying anything illegal in his car, to which Cicala replied, "no." Novak testified that he then asked Cicala if he would mind if he [Novak] took a look. According to Novak, Cicala said that he would not mind. (Transcript of Motion, p. 8.)

Officer Novak and Cicala approached Cicala's car, where they were joined by Peter Guglielmo. Cicala opened the trunk of the car, which contained several pieces of luggage. Novak asked what was in the bags and the defendants responded, "just clothes." Guglielmo then unzipped two small "carry bags" and showed the officer that the bags contained clothing.

Novak then asked what was in the other bags. Cicala said that one suitcase, with a combination lock on it, was locked. Guglielmo then went to the passenger compartment of the car to ask his wife for the

* Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

combination to the lock. He returned and said that she had lost the combination.

Novak then asked about the remaining suitcases. Cicala pulled out one of the suitcases and set it on the edge of the trunk. The suitcase had latches on it that flipped straight up and down. Cicala fiddled with the latches and said, "It looks like this one is locked too." It was apparent to Novak, however, that the latches were not locked. Novak reached over, lifted up the latches and said, "No, it appears to be open." Novak then asked, "Would you mind opening it for me?" Cicala responded by asking if the officer wanted him to open the suitcase. Novak testified that his response was, "If you wouldn't mind."

Cicala then opened the suitcase, exposing seven or eight three-pound coffee cans, turned upside down. Novak noticed an odor of marijuana in the trunk and asked Cicala to turn one of the cans right-side up. Cicala did so, exposing marijuana through the clear plastic lid of the can. Novak then arrested the defendants. Novak testified that the defendants were very cooperative throughout the entire stop.

At the suppression hearing, the government also called an agent with the Drug Enforcement Administration to testify. The agent testified that he spoke with Cicala on October 10, 1986, shortly after Cicala was arrested. The agent testified that he asked Cicala if he had voluntarily consented to a search of his car. Cicala responded, "The officer asked to look and I allowed him to do so."

The defendant Cicala testified at the suppression hearing and said that he was ordered by the officer to open his trunk and luggage. Cicala testified that the officer opened up the lid of the suitcase, exposing the marijuana. Cicala also testified that he did not remember the DEA agent asking him if he had consented to the search.

At the conclusion of the suppression hearing, the district court denied Cicala's motion to suppress the search, rejecting Cicala's claim that he did not give lawful consent. The evidence and law support the district court decision.

It is clear that a search may be conducted without probable cause and without a warrant if the search is conducted pursuant to voluntary consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Ultimately, the determination of voluntariness is a question of fact to be determined from the totality of all the circumstances. *Id.* at 227, 93 S.Ct. at 2047. In order to ensure that consent is voluntarily given, the Tenth Circuit has established a three-part test which must be satisfied: (1) there must be clear and positive testimony that consent was unequivocal and specific and freely given; (2) the government must prove consent was given without duress or coercion; and (3) the courts indulge every reasonable presumption against the waiver of fundamental constitutional rights. *United States v. Abbott*, 546 F.2d 883, 885 (10th Cir.1977); *Villano v. United States*, 310 F.2d 680, 684 (10th Cir.1962).

In reviewing a denial of a motion to suppress, the trial court's findings must be accepted by this court unless they are clearly erroneous. *United States v. Cooper*, 733 F.2d 1360, 1364 (10th Cir.1984); *United States v. Gabriel*, 715 F.2d 1447 (10th Cir.1983). Furthermore, the evidence on appeal must be viewed in the light most favorable to the district court's findings. *United States v. Lopez*, 777 F.2d 543 (10th Cir.1985).

Keeping these standards in mind and applying them to the record in this case, we hold that the district court's decision was not clearly erroneous. There was clear testimony at the suppression hearing that Cicala freely consented to the search of the trunk and luggage. Taken as a whole, the record indicates that Cicala, by his words and conduct, voluntarily consented to the search. The government produced ample evidence that the consent was not the product of coercion.

The resolution of the issue of consent by the trial judge necessarily turned on the credibility of the witnesses who testified. Officer Novak testified that Cicala gave his consent to a search and voluntarily opened his luggage. Cicala contradicted this testi-

mony, stating that Novak ordered him to open the trunk and then searched the luggage inside. A second government witness, who talked with Cicala on the day of the search, testified that Cicala admitted he had allowed the officer to search his car.

It is not this court's function to determine which of these parties was telling the truth. That was a matter for the trial judge, who heard the testimony of the witnesses. *United States v. Axselle*, 604 F.2d 1330 (10th Cir.1979) (credibility of witnesses, weight to be given evidence, and drawing of inferences are for the trial judge). Accordingly, the trial judge's denial of defendant's motion to suppress must be upheld.

Defendant's reliance on *United States v. Recalde*, 761 F.2d 1448 (10th Cir.1985), is misplaced. In *Recalde*, the defendant was stopped for speeding and subsequently consented to a search of his trunk and luggage. The police found nothing illegal but were still suspicious. The officer who made the stop testified that he would not have allowed the defendant to leave in his car but would have allowed him to leave on foot. This stop was made five miles away from the nearest town and occurred during a rainstorm. The officer retained the defendant's driver's license and registration, thereby preventing the defendant from leaving. The officer then "requested" that the defendant accompany him to the police station, which was several miles away. The defendant did so and while he was at the station he executed a written consent-to-search form. The Tenth Circuit held that this consent was tainted because the police had effectively forced the defendant to travel with them to the police station. *Id.* at 1454. The court noted, however, that as to the search of defendant's trunk and luggage near the highway: "The record indicates that this search was made only after [defendant] freely consented, and nothing in the record casts doubt on the voluntariness of this consent." *Id.* at 1455.

The record in the present case also indicates that the defendant freely consented to the search of the car and luggage. At the time Cicala gave consent, his driver's

license and registration had been returned to him. The record indicates that the defendants were very cooperative at all times and consented to the search in the vain hope that it would dispel the officer's suspicions.

The judgment of the district court is affirmed.