**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kevin Wesly DEWITT, true name, Kenneth Odell Rison, Defendant–Appellant.**

No. 91–5003.

United States Court of Appeals, Tenth Circuit.

Oct. 15, 1991.

Michael Gordon Katz, Federal Public Defender, Jenine M. Jensen, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Tony M. Graham, U.S. Atty., Susan W. Pennington, Kathryn Hastings Phillips, James L. Swartz, Asst. U.S. Attys., Tulsa, Okl., for plaintiff-appellee.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

On August 24, 1989, a state trooper stopped defendant-appellant Kenneth Odell Rison for a speeding violation on an Oklahoma highway. Another trooper arrived at the scene to serve as a backup. After examining defendant's driver's license and the rental contract for the car, the first trooper asked defendant if the automobile contained any weapons, narcotics or other contraband. When defendant answered in the negative, the trooper requested to search the automobile. After defendant agreed, both troopers searched the glove box, the trunk and the entire passenger compartment and found nothing. The second trooper then placed his hand in the cleft between the back seat cushions where he felt an object which he thought to be contraband. He then partially exposed the package and confirmed his suspicion. At this point, the troopers arrested defendant and removed the back seat of the automobile, under which they found four one-kilogram packages of cocaine. Defendant was later tried by jury and convicted of possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B).

Defendant appeals, challenging the district court's denial of his motion to suppress the evidence resulting from the search. In his suppression motion, defendant argued that (1) the consent was not voluntary, or, in the alternative, (2) the search exceeded the scope of any consent given. On appeal, defendant reasserts the consent arguments made below and further argues that (1) he was unlawfully detained, and (2) the unlawful detention tainted the fruits of the allegedly consensual search. We affirm, holding that the district court's findings on the consent issues were not clearly erroneous and that defendant has waived the unlawful detention argument.

## I. Consent

The government argues that defendant's consent arguments are irrelevant because he has failed to demonstrate that he has standing to challenge the search of the rented automobile. *See United States v. Roper*, 918 F.2d 885 (10th Cir.1990). We agree with the government that it is the defendant's burden to establish standing to challenge a fourth amendment violation, *see Rakas v. Illinois*, 439 U.S. 128, 139–140, 99 S.Ct. 421, 428–429, 58 L.Ed.2d 387 (1978); however, the government has waived this issue by failing to raise it below. We will not consider issues which are raised for the first time on appeal unless a party demonstrates an impediment which prevented raising the argument below. *United States v. Orr*, 864 F.2d 1505, 1508 (10th Cir.1988). The government, citing *United States v. Hansen*, 652 F.2d 1374 (10th Cir.1981), contends that the waiver rule does not apply to the issue of fourth amendment standing. This reliance is misplaced. In *Hansen*, we did not hold the government to the waiver rule because its failure to raise the issue was excusable considering the "confusing" circumstances surrounding the defendant's fourth amendment challenges. *Id.* at 1382–83. In other words, the government demonstrated an impediment. *Hansen* by no means establishes the proposition that standing can never be waived. Such a proposition would be contrary to established Supreme Court case law. In *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), for example, the Court stated that the issue of fourth amendment standing

could be waived if the government has "failed to raise [it] in a timely fashion during the litigation." *Id.* at 209, 101 S.Ct. at 1646. *See also United States v. Ford,* 525 F.2d 1308 (10th Cir.1975). The government offers no excuse for its failure to raise the standing issue in a timely fashion at the suppression hearing. Accordingly, the argument is waived.

■ We now address the merits of defendant's consent arguments. Before a district court may admit evidence resulting from a consent search, it must determine from the totality of circumstances that (1) the defendant's consent was voluntary and (2) the search did not exceed the scope of the consent. *United States v. Price,* 925 F.2d 1268 (10th Cir.1991) (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). Defendant challenges the district court's findings on both prongs of the test.

■ In considering defendant's arguments, we note that the credibility of the witnesses at the suppression hearing is critical to a district court's consent determination. *See United States v. Guzman,* 864 F.2d 1512, 1521 (10th Cir.1988). We must not substitute our judgment for that of the district court. *Id.* (citing *Sabol v. Snyder,* 524 F.2d 1009, 1011 (10th Cir.1975)). Instead, we review the court's findings for clear error, *see Price,* 925 F.2d at 1269, and in a light most favorable to the court's findings, *see United States v. Benitez,* 899 F.2d 995, 997 (10th Cir.1990).

■ The government bears the burden on the voluntariness issue. *United States v. Abbott,* 546 F.2d 883, 885 (10th Cir.1977). It must demonstrate with "clear and positive testimony that consent was 'unequivocal and specific' and 'freely and intelligently' given." *Id.* (quoting *Villano v. United States,* 310 F.2d 680, 684 (10th Cir.1962)). Also, it must "prove consent was given without duress or coercion, express or implied." *Id.* The district court must view the question in light of the totality of the circumstances, and "should not presume a defendant's consent to a search is either involuntary ... or voluntary." *Price,* 925

F.2d at 1271 (citing *Schneckloth,* 412 U.S. at 242–43, 93 S.Ct. at 2055–56).

■ At the suppression hearing, the trooper testified that defendant answered "yes" when asked for permission to search the automobile. I R. tr. at 7, 11, 18. This testimony regarding defendant's oral permission supports the district court's determination that the consent was "unequivocal and specific" and "freely and intelligently" given. *See United States v. Werking,* 915 F.2d 1404, 1410 (10th Cir.1990) (Defendant's answer "no" when asked if he would object to the search was "clear and positive evidence that [his] consent was unequivocal, specific, and freely and intelligently given."). The trooper also testified that defendant stood silently behind the automobile during the course of the search. I R. tr. at 8. We find no indication in the transcript of any show of force or intimidation. Defendant objected only after the troopers discovered the cocaine. *Id.* at 10. We think this is sufficient to support the district court's determination that the troopers did not coerce defendant into consenting. *See United States v. Corral,* 899 F.2d 991, 994 (10th Cir.1990) (government established voluntariness when defendant's words and conduct demonstrated consent and when record revealed no evidence of coercion).

■ We now address defendant's argument with respect to the scope of the consent. "It is clear that the scope of a consent search is limited by the breadth of the consent given." *United States v. Pena,* 920 F.2d 1509, 1514 (10th Cir.1990) (citing *United States v. Gay,* 774 F.2d 368, 377 (10th Cir.1985)), *cert. denied,* — U.S. —, 111 S.Ct. 2802, 115 L.Ed.2d 975 (1991). The government bears the burden of proof on the issue; however, as with the voluntariness inquiry, the district court should not begin its analysis with a presumption that the search exceeded the scope of the consent. *See Price,* 925 F.2d at 1271 ("Just as it is inappropriate to apply a presumption against waiver in determining voluntariness, it is inappropriate to use the presumption in determining the scope of consent.") (citing *Schneckloth,* 412

U.S. at 241–47, 93 S.Ct. at 2055–58). Likewise, the district court must make the determination in light of the totality of the circumstances. *Id.* at 1272.

■ The trooper in this case testified that he requested to search "the glove box, the trunk and the remainder of [the] vehicle." I R. tr. at 7, 11. Defendant contends that the trooper exceeded the scope of this consent by searching beneath the back seat of the automobile, yet defendant stood only five feet away from the automobile while the trooper placed his hand in the cleft between the back seat cushions and discovered the package. Even if the cleft between the seat cushions were not included within the "remainder of the vehicle," it would be reasonable to conclude that defendant's acquiescence indicated that the search was within the scope of the consent. *See United States v. Espinosa,* 782 F.2d 888, 892 (10th Cir.1986) ("Failure to object to the continuation of the search under these circumstances may be considered an indication that the search was within the scope of the consent."). *See also Pena,* 920 F.2d at 1514–15 (citing *Espinosa* for same principle). The defendant objected to the scope of the consent, but this objection occurred *after* the troopers discovered the cocaine. I R. tr. at 10. We consider this a natural reaction of one whose crime has been uncovered, and the district court was entitled to discount it. In any event, the testimony came from the trooper, not the defendant.

In sum, we cannot say that the district court was clearly erroneous in finding voluntariness and in finding that the search did not exceed the scope of the consent.

## II. Unlawful Detention

Defendant argues, for the first time on appeal, that the trooper unlawfully detained him by asking him questions which were beyond the scope of the purpose of the traffic stop. Therefore, he argues, any evidence found as a result of the detention should be excluded as fruit of the poisonous tree. *See United States v. Arango,* 912 F.2d 441, 446 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1318, 113

L.Ed.2d 251 (1991). The court below had no occasion to address this argument because defendant did not raise it. Instead, the suppression hearing centered entirely on the issue of consent. The government contends that defendant has waived the unlawful detention argument by not raising it at the suppression hearing. *See* Fed. R.Crim.P. 12(b)(3) & (f).

In determining the limits of police conduct in the context of routine traffic stops, we have employed the analysis used by the Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), for investigative detentions. *See United States v. Walker,* 933 F.2d 812, 815 (10th Cir.) (The *Terry*-stop analysis is appropriate because "[a]n ordinary traffic stop is a limited seizure ... and is more like an investigative detention than a custodial arrest.") (citing *Berkemer v. McCarty,* 468 U.S. 420, 439, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 317 (1984)), *reh'g denied,* 941 F.2d 1086 (1991). This approach entails a determination of "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry,* 392 U.S. at 20, 88 S.Ct. at 1879. *See also Walker,* 933 F.2d at 815 (quoting *Terry*).

■ Defendant does not challenge the propriety of the stop. Instead, he concentrates on the second prong of the *Terry* test—whether the troopers' conduct during the stop was "reasonably related in scope to the circumstances which justified the interference in the first place." In *Walker,* we described the scope of proper police conduct in the course of a routine traffic stop:

> the officer making a traffic stop may request a driver's license and registration, run a computer check, and issue a citation. Once the driver has produced a valid license and proof that he is entitled to operate the car, "he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning."

933 F.2d at 816 (quoting *Guzman,* 864 F.2d at 1519). Any further detention for ques-

tioning is beyond the scope of the *Terry* stop and therefore is illegal unless the officer has a reasonable suspicion of unlawful activity. *See Guzman,* 864 F.2d at 1519 (citing *Florida v. Royer,* 460 U.S. 491, 498–99, 103 S.Ct. 1319, 1324–25, 75 L.Ed.2d 229 (1983)). Further questioning, however, is allowed if the encounter has turned from a detention into a consensual encounter. This occurs when a reasonable person in the defendant's position would feel free to leave. *See United States v. Turner,* 928 F.2d 956, 959 (10th Cir.1991); *Werking,* 915 F.2d at 1408.

 As is evident from the passage above, the unlawful detention inquiry is fact-intensive, and we review the district court's fact findings for clear error. *Turner,* 928 F.2d at 959. In this case, however, we have no fact findings to review because defendant did not raise the argument below. We decline to address the issue without district court findings. Also, we decline to remand the case for further factual development because we deem the argument waived. Federal Rule of Criminal Procedure 12(b) requires that motions to suppress evidence be made prior to trial, and Rule 12(f) provides that a failure to make the motion prior to trial amounts to a waiver; however, the rule allows the court to grant relief from the waiver if the party is able to demonstrate cause for the failure to raise the argument. We hold that this waiver provision applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion. *See United States v. Rascon,* 922 F.2d 584, 587 & n. 3 (10th Cir.1990) (defendant waived unlawful detention argument by failing to raise it at the suppression hearing even though he included it in his written motion); *Orr,* 864 F.2d at 1508 ("On appeal we will consider only the specific ground of the evidentiary objection in the trial court, unless the ground not raised constitutes 'plain error resulting in manifest injustice.' ") (quoting *United States v. Taylor,* 800 F.2d 1012, 1017 (10th Cir.1986), *cert. denied,* 484 U.S. 838, 108 S.Ct. 123, 98 L.Ed.2d 81 (1987)). *See also United States v. Restrepo–Rua,* 815 F.2d 1327, 1329 (9th Cir.1987) ("Just as

a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground. . . ."); *Indiviglio v. United States,* 612 F.2d 624, 630 (2d Cir.1979) ("[F]ailure to assert before trial a particular ground for a motion to suppress certain evidence operates as a waiver of the right to challenge the admissibility of the evidence on *that* ground."), *cert. denied,* 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980).

Although defendant moved prior to trial to suppress the evidence, he never presented the unlawful detention issue to the court. Upon a review of the written motions and the suppression hearing transcript, we find no mention of the issue. Instead, the entire record before us centers on the consent issues. And defendant has made no attempt to demonstrate cause for his failure to raise the issue. Furthermore, we have found no impediment to the defendant's ability to raise the issue. *See Orr,* 864 F.2d at 1508. On the contrary, a review of the suppression hearing transcript reveals that defendant had ample opportunity to raise the issue. Finally, defendant has not attempted to demonstrate plain error. *Id.* On the basis of this record, we do not find plain error in the district court's admission of the evidence. The detention issue is waived.

AFFIRMED.