43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray BURNIM, Defendant-Appellant.
 No. 94-8043.
 United States Court of Appeals, Tenth Circuit.
 Nov. 28, 1994.
 
 Before BALDOCK, REAVLEY* and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT**
 REAVLEY, Circuit Judges.
 
 
 1
 Appellant Donald Ray Burnim entered a conditional plea of guilty to one count of a felon in possession of a firearm in violation of IS U.S.C. Secs. 922(g)(1) and 924(a). Burnim retained the right to appeal the denial of his Motion to Suppress. We have reviewed the district court's findings with regard to the Motion to Suppress and now affirm Burnim's conviction.
 
 Background
 
 2
 In June 1993, the Carbon County Sheriff's office in Rawlins, Wyoming, received a fax from the Nampa Police Department in Nampa, Idaho, concerning an arrest warrant for Robert Brooks and a runaway juvenile named Alaine Case. Nampa police believed that Brooks and Case might be living with Brooks, sister, Jeannie Garcia, and her boyfriend Don Burnim on 3rd Street in Hanna, Wyoming. Brooks was associated with a green Ford Van. After investigation, Sheriff Engstrom discovered from a separate source that Brooks and another man had recently purchased shotgun shells in the same area.
 
 
 3
 Based on this information, Sheriff Engstrom travelled to Hanna, Wyoming, accompanied by other law enforcement officers, and observed a male similar to Brooks, description out in front of a house trailer on 3rd Street. The man was standing next to a Ford van. The sheriff approached the male, and ordered him to put his hands on the van. Simultaneously, the sheriff noticed a silhouette drop down inside of the van. This male, later identified as Brooks, was ordered out of the vehicle, and both men were handcuffed. Immediately thereafter, two females and several children came out of the trailer. One of of the women was later identified as the runaway, Alaine Case.
 
 
 4
 Law enforcement attempted to learn the identity of all of the parties at the scene, but all the parties were not cooperative. Both Burnim and Jeannie Garcia identified themselves, but Brooks, who was indeed present at the scene, gave law enforcement a false identification as did Case. No one at the scene would identify Brooks.
 
 
 5
 Sheriff Engstrom asked Jeannie Garcia, who was living with Burnim at the time, for permission to go into the trailer and search for Brooks. Brooks was suspected of being in possession of a shotgun. Garcia gave her consent. Burnim accompanied the officers on the search. Burnim opened a door to a closet with his foot, and the deputy noticed a gun and a box of shotgun shells on a shelf. Burnim commented, "It's my shotgun, it's okay. It's unloaded." When one of the deputies physically took control of the shotgun, Burnim announced that the shotgun was legal length. Deputy Morris noticed immediately that the shotgun had been altered. After the shotgun was measured and found to be of illegal length, Burnim denied that the shotgun was his.
 
 
 6
 Because the officers were unable to adequately identify all of the parties at the scene, Case, Brooks and Burnim were escorted to the jail in Rawlins. Shortly thereafter, Brooks identified himself at the jail. After all parties had been given Miranda[1] warnings, both Brooks and Burnim admitted that they had purchased the shotgun at the High Country Exchange Pawn Shop in Rawlins and then altered the length of the shotgun in the trailer.[2] Burnim admitted that he had been hired by his landlord, Jay Bray, to burn down a house, threaten some of his former tenants, and extort some money out of a man who had sold Bray a worthless piece of property. Burnim said that he never intended to perform the jobs but was biding his time in order to get money out of Bray. Brooks and case gave a similar story but with fewer details.
 
 
 7
 After Burnim offered to get Bray on the phone to substantiate the story, the FBI and the ATF were solicited to provide assistance in apprehending Bray. Burnim made the phone call to Bray in Oklahoma City. The phone call substantiated Burnim's story, implicating both Bray and Burnim in the purchase and alteration of the shotgun. A few days later, Bray returned to Rawlins and committed suicide.
 
 
 8
 Burnim was subsequently indicted on two felony counts. Count One charged Burnim with being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a). Count Two charged Burnim with making a firearm and aiding and abetting in the making of a firearm without paying the making tax in violation of 26 U.S.C. Secs. 5861(f) and 5871 and 18 U.S.C. Sec. 2. Burnim pleaded not guilty to both counts and then filed a Motion to Suppress the shotgun and the statements he made after his allegedly improper arrest. The district court denied the Motion to Suppress and Burnim eventually entered a conditional plea of guilty to Count One. Burnim timely appeals the denial of his Motion to Suppress.
 
 Discussion
 
 9
 In reviewing the denial of a Motion to Suppress, we review a district court's factual determinations for clear error and ultimate determinations of reasonableness under the Fourth Amendment de novo. United States v. Morales-Zamora, 974 F.2d 149, 151 (10th Cir.1992). Because credibility of witnesses at a suppression hearing is critical to a district court's determination of whether consent was given, we do not substitute our judgment for that of the district court. United States v. Dewitt, 946 F.2d 1497, 1500 (10th Cir.1991), cert. denied, 112 S.Ct. 1233 (1992). " 'Under the clearly erroneous standard, the trial court will not be reversed unless its findings were without factual support in the record, or if after reviewing all the evidence, the appellate court is left with the definite and firm conviction that a mistake has been made.' " United States v. Butler, 966 F.2d 559, 562 (10th Cir.1992) (citation omitted).
 
 
 10
 Whether Jeannie Garcia consented to the search of the trailer turned on whether the district court believed Sheriff Engstrom and the two officers who testified or instead believed the defendant, his runaway girlfriend and the defendant's accomplice. The district court's findings make clear that the district court found the law enforcement officers, testimony more credible. Thus, because the testimony of all of the law enforcement officers clearly supports the district court's finding of consent, and because we do not substitute our judgment of credibility for that of the trial court, we will not disturb the district court's finding of consent. See United States v. Mains, 33 F.3d 1222, 1227 (10th Cir.1994).
 
 
 11
 Burnim urges this Court to hold that his initial detention violated the Fourth Amendment, thereby rendering his detention unreasonable and the evidence seized as a result of the illegal detention inadmissible, regardless of whether he or Garcia consented to the search of the trailer. Burnim's argument is not persuasive.
 
 
 12
 Regardless of whether or not Burnim's initial detention was illegal, both Burnim and Jeannie Garcia lived in the trailer, and Garcia gave consent for the trailer to be searched for Brooks. The shotgun was discovered. Burnim acknowledged ownership of the weapon. The shotgun was measured on the scene, and it was determined that the shotgun was an illegal length, thus probable cause arose to arrest Burnim. Burnim was taken into custody based on probable cause. Burnim was twice read his Miranda rights in the Rawlin's jail. Burnim confessed to altering the shotgun. Burnim gave consent to a second search of the trailer which yielded the remains of the sawed off gun barrel. Burnim admitted he had a prior felony conviction. Burnim was a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a). All other arguments that Burnim urges on appeal are meritless.
 
 Conclusion
 
 13
 Based on the foregoing, we affirm Burnim's conviction and sentence.
 
 
 
 *
 The Honorable Thomas M. Reavley,
 United States Court of Appeals, Fifth Circuit, sitting by designation.
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)
 
 
 [2]
 After Burnim and Garcia had both given their consent to a second search of the trailer, the sawed off pieces of the shotgun and the tools used to alter the shotgun were discovered in the trailer