48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Julius Octavias EDWARDS, Defendant-Appellant.
 No. 94-7083.
(D.C. No. CR-94-13-S)
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Julius Octavias Edwards appeals the sentence imposed after he pleaded guilty to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. 841(a)(1). Defendant asserts that the district court erred in
 
 
 3
 (1)including additional drug quantities as relevant conduct for purposes of sentencing, and (2)refusing to depart downward from the sentencing range calculated under the guidelines.
 
 
 4
 Muskogee, Oklahoma police received a tip from a reliable informant about the whereabouts of a person in possession of crack cocaine. The lead described defendant as "the Jamaican," included a description and the location of his vehicle, and where the drugs were concealed in his vehicle. II R. 5-6, 54-55, 58. The police located defendant in the vehicle at the designated address. During the encounter they recovered a semiautomatic pistol from his pants and arrested him for carrying a concealed weapon. A search of the vehicle revealed seven baggies containing a total of 6.1 grams of cocaine base in the fuse box of the car, per the informant's tip.[2] The vehicle was registered to defendant; he was the only occupant at the time of his arrest.
 
 
 5
 Defendant was initially charged in state court; a two-count federal indictment followed. The plea agreement included a promise that the state charges and one count of the federal indictment would be dismissed.
 
 
 6
 Before sentencing, additional cocaine base was discovered in defendant's forfeited vehicle. The presentence report (PSR) included this additional cocaine as "other relevant conduct" in calculating a recommended sentencing range. V R. 2 1/2 1/27-8. The district court overruled defendant's written objections to including the additional drug quantities as other relevant conduct, and denied his other objections to the sentencing range calculations.
 
 
 7
 * Defendant first asserts that the district court erred in including as other relevant conduct the additional cocaine base discovered in defendant's vehicle after his arrest. The government must prove drug quantities for sentencing purposes by a preponderance of the evidence, and we review the drug quantity calculation under a clearly erroneous standard. United States v. Ortiz, 993 F.2d 204, 207 (10th Cir.1993).
 
 
 8
 The Sentencing Guidelines require the sentencing court to include as relevant conduct when determining the sentencing range all acts that "were part of the same course of conduct or common scheme or plan as the offense of conviction, regardless of whether the defendant was convicted of the underlying offenses pertaining to the additional amounts." United States v. Rutter, 897 F.2d 1558, 1562 (10th Cir.), cert. denied, 498 U.S. 829 (1990); see U.S.S.G. 1B1.3(a)(2), 2D1.1., 3D1.2(d).
 
 
 9
 Here, a subsequent purchaser discovered nearly $2,000 worth of cocaine base in defendant's vehicle. During the three months after his arrest, defendant did not have possession of his vehicle. It was first towed to G & B Wrecker for storage, next transferred to Avanti Mini Storage, then taken to E.J. Mays' repair shop to have the battery charged before it was taken to an auction for sale. Police Corporal Tim Gibson testified that he understood the vehicle was locked inside of a fenced area at both storage facilities, and locked at the repair shop. The purchaser of the vehicle discovered a total of twenty-one baggies containing 19.89 grams of cocaine base from behind the console ashtray. The Muskogee police had not searched that area.
 
 
 10
 Gibson testified regarding the information from the new owner about possible additional cocaine base. The later-discovered cocaine base was packaged in quantities of less than one gram, as was that recovered when defendant was arrested. The record contains no factual support for defendant's speculation that an unknown third party surreptitiously secreted this cocaine base in his vehicle while it was impounded and available for sale. An impounded vehicle is not a logical hiding place for contraband. Although it is conceivable that someone other than defendant later placed this additional contraband in the vehicle, the district court was convinced defendant placed the baggies there. We cannot conclude that the district court's determination was clearly erroneous.
 
 II
 
 11
 The other issue on appeal concerns the district court's refusal to depart from the Sentencing Guidelines. Defendant's brief argues three bases it asserts supports departure, none of which were presented to the district court. We will not consider these on appeal in the absence of a showing by defendant that he was prevented from raising these issues in the district court. See United States v. DeWitt, 946 F.2d 1497, 1499 (10th Cir.1991), cert. denied, 112 S.Ct. 1233 (1992).
 
 
 12
 Defendant lodged four objections to the sentencing recommendation contained in the PSR, all of which the district court rejected. He (1)challenged the use of the additional 19.89 grams of cocaine base as other relevant conduct, (2)alleged the plea agreement stipulated to only 6.1 grams of cocaine base for use at sentencing, and asserted (3)his offense level should not be enhanced for use of a firearm and (4)should be further reduced for acceptance of responsibility. But defendant never requested a downward departure.
 
 
 13
 In any event, we lack jurisdiction to consider on appeal a district court's failure to depart from the guidelines when the sentence imposed is within the range. United States v. Davis, 900 F.2d 1524, 1528-29 (10th Cir.), cert. denied, 498 U.S. 856 (1990); see also United States v. Garcia, 919 F.2d 1478, 1481 (10th Cir.1990); 18 U.S.C. 3742(a).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court held that the officers had probable cause to search the vehicle, even though the testimony characterized the search as an inventory pursuant to impoundment