MURPHY, Circuit Judge,
concurring in part and concurring in the result:
I concur in the majority opinion except as to section II. As to that section, I concur only in the result. In section II of the majority opinion, the court analyzes whether the detention following the initial traffic stop was valid and ultimately concludes that it was. In my view, the court should not reach out and decide this issue. By doing so, the court stretches the boundaries of the Fourth Amendment under circumstances where the defendant did not raise and the district court did not consider the detention issue.
Our review of the post-stop detention issue is governed by Rules 12(b)(3) and 12(f) of the Federal Rules of Criminal Procedure. Rule 12(b)(3) provides that a motion to suppress evidence must be made before trial. Fed. R.Crim.P. 12(b)(3). Failure to do so results in a waiver. Fed.R.Crim.P. 12(f). According to Tenth Circuit precedent, the waiver provision set out in Rule 12(f) “applies not only to the failure to make a pretrial motion, but also to the failure to include a particular argument in the motion.” United States v. Dewitt, 946 F.2d 1497, 1502 (10th Cir.1991), cert. denied sub nom. Rison v. United States, 502 U.S. 1118, 112 S.Ct. 1233, 117 L.Ed.2d 467 (1992); see also United States v. Dirden, 38 F.3d 1131, 1139 n. 10 (10th Cir.1994). Accordingly, McRae has waived the issue of the validity of his post-stop detention unless he presented that “particular argument” to the district court before trial. Dewitt, 946 F.2d at 1502.
A careful review of the record reveals that McRae raised the issue of the legality of his post-stop detention for the first time on appeal. In his Motion to Suppress Illegally Seized Evidence (the “Motion”), McRae asserted the stop of his vehicle was improper because-there were no objective facts upon which Officer Colyar could premise a belief that McRae “was committing or had committed a public offense when he was stopped.” The Motion was clearly directed at the propriety of the stop rather than at the validity of the subsequent detention.
After an evidentiary hearing, McRae filed a Memorandum in Support of Motion to Suppress Illegally Seized Evidence (the “Memorandum”). In the Memorandum, McRae provided some content to his prior claim that the stop of his vehicle was improper. McRae claimed that the license and seat belt violations were mere pretext and that he had really been stopped because he was a black man driving a new Oldsmobile.[1] In addition *1539 to the pretext argument, the Memorandum set out the following grounds for suppressing the drugs: (1) the pat-down search was illegal because it was not supported by reasonable articulable suspicion; and (2) his consent to the search of his vehicle was not attenuated from the illegal stop and pat-down search.
In a Report and Recommendation, the magistrate judge noted specifically that the Motion was limited to the issue of the legality of the stop of McRae’s vehicle. He concluded, however, that he would consider the additional arguments raised in the Memorandum (¿a, the legality of the pat-down search and the issue of consent) because the government, would not be prejudiced and the suppression hearing had involved the receipt of evidence on those issues. The magistrate judge went on to note, however, that “[t]he defendant does not contend that his prior detention was illegal.” Instead, McRae’s argument was directed to the legality, under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), of the frisk conducted by Officer Col-yar.
McRae filed an Objection to the magistrate judge’s Report and Recommendation and incorporated the transcript of the suppression hearing as well as the Memorandum. McRae did not raise the legality of his post-stop detention in the Objection. Furthermore, in its Order adopting the Report and Recommendation, the district court limited its discussion to those issues addressed by the magistrate judge in the Report and Recommendation.
These indisputable procedural facts establish that McRae never raised the issue of the validity of the post-stop detention before trial and that neither the magistrate judge nor the district court considered the matter. The consequence of McRae’s failure is clear: he waived any objection that he might have had to the legality of his post-stop detention when he failed to raise the issue before trial.[2] Fed.R.Crim.P. 12(f); Dewitt, 946 F.2d at 1502; Dirden, 38 F.3d at 1139 n. 10. Notwithstanding this clear waiver, McRae raised the detention issue on appeal and the United States chose not to assert that McRae had waived the issue. There is, however, no authority supporting the proposition that the United States’ failure to assert the waiver issue on appeal somehow cures McRae’s failure to comply with Rule 12(f). Compare United States v. Baker, 638 F.2d 198, 202 n. 5 (10th Cir.1980) (holding that the district court’s consideration of the merits of an untimely probable cause argument “does not excuse [defendant’s] untimeliness or enable [the court] to consider the merits” of defendant’s argument on appeal).[3]
Unlike the majority, I would hold that McRae has waived the issue and would not reach out to decide whether the post-stop detention was constitutionally valid. In this fashion, I adhere to “[a] fundamental and longstanding principle of judicial restraint”: the avoidance of premature and unnecessary resolution of constitutional issues. Lyng v. Northwest Indian Cemetery Protective Ass’n, 485 U.S. 439, 445, 108 S.Ct. 1319, 1323, 99 L.Ed.2d 534 (1988); United States v. Kelly, 1 F.3d 1137, 1139-40 (10th Cir.1993) (quoting Lyng), cert. denied, — U.S.-, 115 S.Ct. 342, 130 L.Ed.2d 299 (1994).
Judicial restraint is particularly appropriate in a case such as this. Because the issue was before him, the magistrate judge had to resolve the abstruse issue of reasonable ar-ticulable suspicion in the context of a pat-down search “on an isolated stretch of highway” by a peace officer faced with an individ *1540 ual that had “a record of drug charges and arrests.” The focus of this inquiry is quite specific: did the officer have a reasonable articulable suspicion that “his safety or that of others was in danger”? Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). The majority resolves to proceed to the merits of the detention issue, in the face of an unequivocal waiver expressly noted by the magistrate judge, by utilizing the magistrate judge’s findings and analysis on the frisk issue. As the majority points out, analysis of the detention issue requires consideration of “reasonable articulable suspicion of illegal activity,” a discretely different consideration from that applicable to the frisk issue and one that the district court chose not to undertake because McRae did not raise the issue.
Had McRae chosen to present the intensely factual detention issue to the district court, the appropriate fact finder, the district court could have considered the issue in the proper context: the continued detention of an African-American male with a valid driver’s license, in lawful possession of a rental car, whose only known transgressions were the failure to wear a seat belt[4] and failure to display a front license plate on the rental vehicle.[5] This court should not engage in fact finding on the detention issue when the appropriate fact finder, the district court, has refused to adjudicate the issue in light of McRae’s failure to present the issue as a ground for suppressing the drug evidence.

. As noted by the majority, the pretext doctrine is no longer the law of this circuit. See United States v. Botero-Ospina, 11 F.3d 783, 786-87 (10th Cir.1995) (en banc) (holding that police officer's subjective motives for stopping a vehicle *1539 are irrelevant), petition for cert. filed, - U.S.L.W. •-• (U.S. Mar. 1, 1996) (No. 95-8121).

. Although Rule 12(f) provides an exception to the waiver rule for "cause shown,” it is important to note that McRae has not made an effort to demonstrate any cause at all for his failure to assert, before trial, that his post-stop detention was invalid.

. Even in those cases where Rule 12(f) does not apply, this court has exercised its "discretion to hear issues for the first time on appeal only in the most unusual circumstances.” Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993). Normally we reach issues not raised below only when it is necessary to prevent manifest injustice or when exceptional circumstances are present. United States v. Strahl, 958 F.2d 980, 982 (10th Cir.1992); United States v. Cheama, 783 F.2d 165, 168 (10th Cir.1986). This case does not present manifest injustice or exceptional circumstances. More importantly, this case is governed by Rule 12(f).

. As the majority correctly notes, a seat belt violation is a secondary offense under Utah law and is insufficient, standing alone, to support a traffic stop. Utah Code Ann. §§ 41-6-182, -184.

. The majority's reliance on McRae’s "vague response” and “cavalier attitude” in response to Officer Colyar’s inquiries about the rental car demonstrate the dangers of reaching an issue as complex as the validity of. a post-stop detention when neither the magistrate judge nor the district court has focused on the issue below. Based on Officer Colyar’s testimony at the suppression hearing, the majority concludes that McRae was "vague" and "cavalier” about how and when he would return the rental car and that his response caused Officer Colyar to be suspicious. Those characterizations of the evidence are the majority's. The magistrate judge did not find that McRae was "cavalier” or that McRae had given Officer Colyar a "vague response” about his travel plans. Moreover, the magistrate judge did not find that McRae’s re- ■ sponse caused Officer Colyar to become suspicious. Instead, the magistrate judge found as follows: “The vehicle was a rental vehicle and defendant produced a rental agreement in his name. The vehicle had been rented in Los Ange-les. The officer asked the defendant where he was going and he said to New York to attend a friend's wedding. The rental agreement expired on January 14th. The officer inquired as to whether defendant could go to New York and return to Los Angeles in time. Defendant said something about a late fee.” Perhaps the magistrate judge would have found that McRae was vague and cavalier about the rental car, if he had been asked to focus on this issue. Perhaps the magistrate judge would have found that McRae’s response caused Officer Colyar to become suspicious, if he had been asked to focus on this issue. Instead, the magistrate judge simply found that Officer Colyar asked McRae about returning the car in time and that McRae "said something about a late fee.” Thus, because McRae failed to bring the issue before the district court, the majority is forced to turn to the testimony of the suppression hearing, rather than to a finding of fact, to conclude that McRae’s response about the rental car was "vague” and "cavalier” and that the response caused Officer Colyar to become suspicious. Such fact finding should be reserved for the trial court.