F I L E D
United States Court of Appeals
Tenth Circuit

DEC 11 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JACQUES M. DUBOIS,

    Defendant-Appellant.

No. 00-3382

(D.C. No. 00-CR-20027-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jacques M. Dubois appeals his sentence imposed after he pled guilty to attempted manufacture of more than 100 grams of methamphetamine, in violation of 21

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 841(a)(1), and § 846.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

During the execution of a search warrant on a residence in Kansas City, Kansas, on January 30, 1998, Dubois was found in an operational methamphetamine laboratory.  He was released pending investigation.  On February 22, 2000, another search warrant was executed on the same residence and Dubois was found manufacturing methamphetamine.  In March 2000, a grand jury returned an indictment against Dubois charging him with attempted manufacture of methamphetamine, conspiracy to manufacture methamphetamine, possession of pseudoephedrine with intent to manufacture methamphetamine, attempting to manufacture five grams or more of methamphetamine, and conspiracy to attempt to manufacture five grams or more of methamphetamine.  In July 2000, he was charged by indictment with attempted manufacture of more than 100 grams of methamphetamine on or about January 29 and 30, 1998.  Dubois pled guilty to the charge of attempted manufacture of more than 100 grams of methamphetamine and was sentenced to the minimum term of imprisonment, 120 months.  Dubois objected to inclusion of the February 2000 drug amounts in the sentencing guidelines calculation given the time span between that conduct and the January 1998 conduct.  The district court found the February 2000 conduct was relevant because of "great similarity, evidence of regularity and not too much temporal disparity."  PSI at 17.

Dubois contends the district court erred in determining his arrest in February 2000 constituted relevant conduct. We review the court's factual finding supporting a determination of relevant conduct for clear error, but review the ultimate determination of relevant conduct de novo. See United States v. Svacina, 137 F.3d 1179, 1182 (10th Cir. 1998).

"Same source of conduct" looks to whether the defendant repeats the same type of criminal activity over time. It does not require that acts be "connected together" by common participants or by an overall scheme, but focuses on whether the defendant has engaged in an identifiable "behavior pattern" of specified criminal activity. See United States v. Roederer, 11 F.3d 973, 979 (10th Cir. 1993).

Dubois puts much weight into the fact that over two years separated the events. However, "whether two or more transactions may be considered a part of the same course of conduct is not determined by temporal proximity alone." Id. (upholding a finding that a 1980-87 conspiracy was part of the same course of conduct as a 1992 distribution). Dubois emphasizes that different locations in the residence were used and the methods of production were different. In Svacina, this court held the fact that the defendant transported methamphetamine to the same area of Kansas weighed in favor of finding a similarity. 137 F.3d at 1183. The district court found the differences in methods of production actually showed "the sophistication of Mr. Dubois as he evolved over time as

3

a methamphetamine cook." ROA II at 86.

Dubois argues the government produced no evidence of regularity other than statements about his appearance. The district court found persuasive Officer Sorrell's testimony that at the time of Dubois' arrest in February 2000, Dubois could barely talk, his eyes were bloodshot, and he could barely keep his eyes open. Officer Sorrell stated that from his experience, this condition could be explained by long-term use. Dubois argues his physical appearance mitigates *against* a finding of regularity. However, his assertions in his brief are not supported by any citations to the record or any authority.

### III.

Dubois also contends that even if the two events could be found to be the same course of conduct and, therefore, "relevant conduct," such a finding could not support the two-point increase in his criminal history score under U.S.S.G. § 4A1.1(d). He argues that because he was not on probation at the time of the January 1998 conduct, the court erroneously increased his criminal history score under § 4A1.1(d).

It does not appear that Dubois presented this argument to the district court. Instead, his arguments focused on relevant conduct and whether the court's finding in that regard violated Apprendi v. New Jersey, 530 U.S. 466 (2000). In fact, his objection to the presentence report appears to concede that if the February 2000 conduct was considered relevant conduct under § 1B1.3(a)(2), the two-point increase under § 4A1.1(d) was warranted. See PSI at 17. This court will not consider an issue on appeal that was not

4

raised in the district court unless a party demonstrates an impediment which prevented raising the argument. United States v. Dewitt, 946 F.2d 1497, 1499 (10th Cir. 1991). In any event, the argument fails on the merits. See U.S.S.G. § 4A1.1, cmt. n.4 (providing that "[t]wo points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence"). Dubois was serving a term of twelve-months' unsupervised probation for a conviction of driving while suspended when he committed the February 2000 offense.

IV.

Dubois contends the district court's finding that the February 2000 conduct constituted related conduct to the January 1998 conduct violated Apprendi. He argues that by making this factual finding, the court rendered him ineligible for the safety value under U.S.S.G. § 5C1.2 and therefore increased his mandatory minimum sentence to 120 months. In Apprendi, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

As the government correctly points out, Dubois pled guilty to 21 U.S.C. § 841(b)(1)A)(viii), a charge that carries a maximum penalty of life imprisonment. Dubois was sentenced to 120 months, a term well within the statutory maximum of life imprisonment, and Apprendi does not apply. See United States v. Sullivan, 255 F.3d 1256, 1265 (10th Cir. 2001).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge