**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Manuel BENITEZ,
Defendant–Appellant.**

Nos. 88–2117, 88–2173.

United States Court of Appeals,
Tenth Circuit.

March 30, 1990.

Presiliano A. Torrez, Asst. U.S. Atty. (William L. Lutz, U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Charles Louis Roberts, (Gary Hill and Robert Ramos, El Paso, Tex., on the brief), El Paso, Tex., for defendant-appellant.

Before ANDERSON, BARRETT, Circuit Judges, and THEIS,* District Judge.

THEIS, District Judge.

This is an appeal from a final judgment and commitment in a criminal case. The appellant, Jose Manuel Benitez, was indicted for possession of a controlled substance with intent to distribute and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The appellant's motion to suppress evidence was denied by the district court. Following the denial of his motion to suppress, the appellant entered a guilty plea and reserved the right to appeal the denial of his motion to suppress.

As stated by the appellant, the issues presented on appeal are: whether the detention and seizure of the appellant and his vehicle went beyond that authorized at a Border Patrol checkpoint and thus violated the fourth amendment to the United States Constitution; whether the appellant gave a knowing and voluntary consent to the search of his vehicle; and whether the evidence seized from the appellant's vehicle and the fruits thereof should be suppressed because the search was neither supported by probable cause nor by a knowing and voluntary consent. Brief of Appellant at 2.

*A. Jurisdiction*

■ This court requested briefing on whether we have appellate jurisdiction. On April 26, 1988, the district court heard and denied the appellant's motion to suppress. That same day, the appellant entered a conditional plea of guilty. On July 27, 1988, the court imposed sentence. Final judgment was docketed on July 28, 1988. On July 11, 1988, the appellant filed an untimely notice of appeal with respect to the initial judgment. On July 18, 1988, the court entered an amended judgment and commitment. The amendment related to the conditions of supervised release following confinement. On July 21, 1988, the appellant filed a notice of appeal from the amended judgment. On August 3, 1988, appellant filed a motion pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure for a thirty day extension of time for filing the notice of appeal. The government did not oppose the motion. The district court granted the motion on the same date.

---

* The Honorable Frank G. Theis, District Judge, United States District Court for the District of Kansas, sitting by designation.

Both the appellant and the government argue that this court has appellate jurisdiction since the two notices of appeal were filed within the thirty day extension period. The district court order granted the maximum extension of thirty days, or until August 7, 1988, to file the notice of appeal. Both notices of appeal were filed within that time frame. We conclude that we have jurisdiction to hear the appeal.

### B. Merits of the Appeal

The testimony given at the suppression hearing indicates that in the early afternoon of November 5, 1987, appellant and his wife drove into a permanent United States Border Patrol checkpoint on Interstate Highway 25 near Truth or Consequences, New Mexico. Border Patrol Agent Robert H. Dunlap questioned appellant regarding his citizenship. Appellant indicated he was a United States citizen. Appellant's wife presented an alien registration card. R. Vol. II, at 6. Agent Dunlap testified that appellant was very tense. Dunlap further testified that he asked for permission to look in the trunk of the appellant's automobile. The appellant immediately exited the car and opened the trunk. R. Vol. II, at 7. Dunlap noted a large amount of luggage and clothing in the trunk of the car. When asked if they were moving, the appellant replied that they were merely going to Albuquerque for the weekend. R. Vol. II, at 8.

Dunlap testified that he then asked for permission to search the luggage. Appellant did not respond verbally; instead he unzipped the suitcase. Dunlap observed inside the suitcase a plastic-wrapped package similar to marijuana packages he had confiscated in the past month. Inside the package was marijuana. R. Vol. II, at 9.

The appellant testified at the hearing that he interpreted Dunlap's statements as orders to open both the trunk and the suitcase and that he complied accordingly. R. Vol. II, at 24–26.

The district court found that Agent Dunlap had reasonable suspicion, based on appellant's nervous conduct, prior to asking for consent to search. The court found that Dunlap did not order appellant to open the trunk or the suitcase; rather, he requested consent. Finally, the court found that the appellant had voluntarily consented to the search. R. Vol. II, at 37.

The standard of review is well established:

> In reviewing a denial of a motion to suppress, the trial court's finding of fact must be accepted by this court unless clearly erroneous, *United States v. Cooper*, 733 F.2d 1360, 1364 (10th Cir.1984), with the evidence viewed in the light most favorable to the district court's finding. *United States v. Obregon*, 748 F.2d 1371, 1376 (10th Cir.1984).

*United States v. Espinosa*, 782 F.2d 888, 892 (10th Cir.1986) (quoting *United States v. Lopez*, 777 F.2d 543, 548 (10th Cir.1985)).

The appellant first argues that his detention at the Border Patrol checkpoint went beyond an authorized investigatory stop and thus was an unconstitutional seizure of his person. The appellant argues that detention at a permanent Border Patrol checkpoint is lawful when the inquiry is brief and concerns only the citizenship of the occupants of the vehicle. Appellant argues that any further detention, inquiry into other matters, or search must be supported by probable cause.

The Border Patrol maintains permanent checkpoints on important roads leading away from the border. At these checkpoints, a vehicle may be stopped and its occupants may be questioned briefly, even if there is no reason to believe the particular vehicle contains illegal aliens. *United States v. Villamonte–Marquez*, 462 U.S. 579, 587, 103 S.Ct. 2573, 2579, 77 L.Ed.2d 22 (1983) (citing *United States v. Martinez–Fuerte*, 428 U.S. 543, 545, 96 S.Ct. 3074, 3077, 49 L.Ed.2d 1116 (1976)). The occupants of the vehicle may be required to answer a few questions regarding their citizenship or to produce documentation evidencing a right to be in the United States. *Martinez–Fuerte*, 428 U.S. at 558, 96 S.Ct. at 3083 (quoting *United States v. Brignoni–Ponce*, 422 U.S. 873, 880, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975)). Additionally, the Border Patrol may ask the driver and passengers to explain suspicious circumstances. *United States v. Espinosa*, 782 F.2d 888, 891 (10th Cir.1986).

In a case decided this term we have reaffirmed the authority of the Border Patrol to question individuals regarding suspicious circumstances, in addition to citizenship matters, when those individuals are stopped at a permanent checkpoint. *United States v. Johnson*, 895 F.2d 693 (10th Cir.1990). At permanent checkpoints removed from the border, however, officers may not search a private vehicle without consent or probable cause. *United States v. Ortiz*, 422 U.S. 891, 896–97, 95 S.Ct. 2585, 2589, 45 L.Ed.2d 623 (1975).

■ In the present case, the district court found that Agent Dunlap had reasonable suspicion, based on appellant's nervous conduct, to question appellant further and to request permission to search. R. Vol. II, at 37. The finding of reasonable suspicion is not specifically challenged on appeal; however, we hold that this finding is not clearly erroneous. Agent Dunlap testified that appellant demonstrated several indicia of nervousness. Appellant was gripping the steering wheel tightly, his knuckles were white, his Adam's apple was moving up and down, he stuttered when he answered Dunlap's questions, and he was sweating although it was fairly cool that day. R. Vol. II, at 20. Appellant's nervousness gave rise to reasonable suspicion which justified Agent Dunlap's further questioning and request for consent to search.

■ Appellant next argues that he did not knowingly and voluntarily consent to a search of his vehicle. Appellant never verbally consented to the search; however, in response to the agent's statements, appellant exited the vehicle, opened the trunk, and opened a suitcase contained in the trunk. The district court found that the agent did not order appellant to open the trunk, that instead he asked to look in the trunk, and that the appellant voluntarily opened both the trunk and the suitcase.

■ Whether a consent to search is voluntary or was a product of duress or coercion is a question of fact to be determined from the totality of the circumstances. *United States v. Mendenhall*, 446 U.S. 544, 557, 100 S.Ct. 1870, 1879, 64 L.Ed.2d 497 (1980); *Schneckloth v. Bustamonte*,

412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973). This court has previously set forth the three-tiered analysis for determining whether the government has sustained its burden of showing that consent to search was voluntary:

First, there must be clear and positive testimony that the consent was unequivocal and specific, and freely and intelligently given. Second, the Government must establish that consent was given without duress or coercion. Finally, we evaluate the first two standards with the traditional indulgence of the courts against a presumption of waiver of constitutional rights.

*United States v. Recalde*, 761 F.2d 1448, 1453 (10th Cir.1985) (citing *United States v. Abbott*, 546 F.2d 883, 885 (10th Cir.1977); *Villano v. United States*, 310 F.2d 680, 684 (10th Cir.1962)). Applying these standards to the facts of the case, we conclude that appellant voluntarily consented to the search of his vehicle.

Appellant was stopped during the daytime at a permanent Border Patrol checkpoint where all vehicles are stopped briefly. As he drove up to the checkpoint, appellant should have seen that all vehicles were being stopped at the checkpoint. Appellant should have seen visible signs of the officers' authority, from Agent Dunlap's uniform to the Border Patrol insignia on the checkpoint. R. Vol. II, at 18. The appellant was not ill and did not have trouble understanding English. R. Vol. II, at 27–18. Agent Dunlap testified that he did not demonstrate an authoritative demeanor; rather, he attempted to "keep it real light." R. Vol. II, at 30. The situation was not coercive in nature.

Agent Dunlap testified that he asked if appellant "minded if we looked in the trunk" and later he asked if appellant "mind[ed] if we look in the suitcases." R. Vol. II, at 9, 8. Appellant immediately opened the trunk and unzipped the suitcase. R. Vol. II, at 7, 9. Whether Agent Dunlap's words constituted an order or a request with which the appellant voluntarily complied presented a credibility issue for the district court. This court's review of the transcript of hearing indicates that the issue was close. The appellant's testi-

mony was directly at odds with Agent Dunlap's testimony. Reviewing the evidence in the light most favorable to the district court's decision and giving due deference to the district court's credibility findings, we hold that the district court's finding of voluntariness is not clearly erroneous.

Appellant's final argument is that the evidence should be suppressed because it was seized without probable cause or consent to search, in violation of the fourth amendment. The initial stop of appellant at the checkpoint is not challenged. We have held that the continued detention at the checkpoint was based on reasonable suspicion and that the search was consensual. Finding nothing clearly erroneous in its ruling, we affirm the district court's denial of the appellant's motion to suppress and the appellant's conviction and sentence in this case.

AFFIRMED.