931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector MORALES, Jr., Defendant-Appellant.
 No. 90-2134.
 United States Court of Appeals, Tenth Circuit.
 May 2, 1991.
 
 1
 Before BRORBY and McWILLIAMS, Circuit Judges, and SPARR, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DANIEL B. SPARR, District Judge.
 
 
 4
 After examining the briefs and appellate record, and in accordance with the parties' request for a decision on the briefs without oral argument, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See, Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Hector Morales, Jr., entered a conditional plea of guilty pursuant to Fed.R.Crim.P. 11(a)(2) to a violation of 21 U.S.C. Sec. 841(a)(1), reserving his right to appeal the trial court's denial of his motion to suppress. Morales appeals the trial court's order denying his motion to suppress all evidence seized from his automobile. We affirm.
 
 I.
 
 6
 Morales was a passenger in his Mazda RX-7 when he was stopped at a Border Patrol checkpoint on Interstate 10 west of Las Cruces, New Mexico. When the Border Patrol agent leaned into the car to question the two occupants about their citizenship, he smelled a heavy odor of air freshener and saw several indications that the occupants had been drinking. The agent obtained consent from Morales to search the vehicle and the search was conducted in the secondary inspection area.
 
 
 7
 Upon searching the vehicle, the agent continued to smell a "real strong" odor of air freshener, as well as a "slight odor of marijuana." Another Border Patrol agent obtained consent from Morales for a canine sniff search. The dog "alerted on the vehicle," whereupon Morales and the driver, Hernandez, were detained in the Border Patrol trailer while the agents searched the Mazda further. The agents noted fresh weld marks on the rear inside area behind the front seats. The agents did not find anything in the car and any further searching would have required tearing out the carpet or otherwise dismantling or damaging the vehicle. The agents released Morales and Hernandez and let them leave the checkpoint.
 
 
 8
 As soon as the agents walked back into the trailer, they found a clear, plastic baggie of white powdery substance on the bench where Morales and Hernandez had been sitting. The substance field tested positive for cocaine. Morales, Hernandez, and a Border Patrol agent were the only people who had been on that bench that day.
 
 
 9
 The agents then pursued Morales and Hernandez, stopping them approximately seventeen miles past the checkpoint. The agents arrested Morales and Hernandez and held them in the back of the Border Patrol sedan. The agents proceeded to search the area of the Mazda where the fresh welding had previously been noted. This time the agents did pull up the carpet behind the front seats and found a compartment containing several packages of a controlled substance.
 
 II.
 
 10
 When reviewing the denial of a motion to suppress, an appellate court must accept the trial court's findings of fact unless they are clearly erroneous and must view the evidence in the light most favorable to the prevailing party. United States v. Henning, 906 F.2d 1392, 1395 (10th Cir.1990); United States v. Benitez, 899 F.2d 995, 997 (10th Cir.1990); United States v. Jimenez, 864 F.2d 686, 688 (10th Cir.1988).
 
 
 11
 Morales argues on appeal that there was no probable cause for the second stop, arrest, and search of his vehicle. He argues that the fruitless initial search at the checkpoint extinguished the agents' original probable cause, that the second search must be based on "fresh" probable cause, and that no such "fresh" probable cause existed. Morales does not contest the agents' probable cause for the first search at the Border Patrol checkpoint.
 
 
 12
 Morales cites United States v. Kandlis, 432 F.2d 132 (9th Cir.1970) and United States v. Portillo, 469 F.2d 907 (9th Cir.1972) as authority for the proposition that the agents' initial probable cause was extinguished by the fruitless first search and that new probable cause must be established for the second stop, arrest, and search. The court does not read these two cases to support Appellant's theory for extinguishing initial probable cause and requiring new probable cause.
 
 
 13
 Probable cause exists where the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. United States v. Maher, 919 F.2d 1482, 1485 (10th Cir.1990). We recognize that probable cause must be evaluated in light of the circumstances as they would have appeared to a prudent, cautious, trained police officer. Maher, 919 F.2d at 1485, citing United States v. Lopez, 777 F.2d 543, 551 (10th Cir.1985) and United States v. McCormick, 468 F.2d 68, 73 (10th Cir.1972), cert. denied, 410 U.S. 927 (1973).
 
 
 14
 In the area of search warrants, courts have indicated that probable cause can dissipate between the time of a warrant's issuance and its execution. United States v. Bowling, 900 F.2d 926, 931 (6th Cir.1990), cert. denied --- U.S. ----, 111 S.Ct. 109 (1990) (citations omitted). Courts have looked with disfavor upon repeated searches of the same premises where the same set of facts constitutes the probable cause for each search. Where an initial fruitless consent search dissipated the probable cause that justified a warrant, new indicia of probable cause must exist to repeat a search of the same premises pursuant to the warrant. Probable cause must exist at both points in time. Bowling, 900 F.2d at 932. Where officers become aware after a warrant's issuance that a fruitless consent search has been conducted, the officers' knowledge of such an event is relevant to a determination of whether they relied on the warrant in good faith. Bowling, 900 F.2d at 932 (citations omitted).
 
 
 15
 In United States v. Peterson, 867 F.2d 1110, 1112-13 (8th Cir.1989), the appellants argued that observations made by law enforcement officers during an allegedly illegal first search could not be used to establish probable cause for a second warrant. Since the court found the first warrant and search to be valid, it upheld the second search as well. Peterson, 867 F.2d at 1113-14. Probable cause for the second search was based on observations legally made by the officers during the first search. Peterson, 867 F.2d at 1113-14.
 
 
 16
 We apply these standards to the facts available to the Border Patrol agents at the time of the second search and conclude that the agents had probable cause for the second stop, arrest, and search. Even after the prior fruitless consent search, new indicia of probable cause for a second search existed. The combined weight of the strong odor of air freshener, the odor of marijuana, the canine alert on the vehicle, and the discovery of the baggie of cocaine on the bench enables this court to conclude that the agents had probable cause for the second stop, arrest, and search.
 
 
 17
 ACCORDINGLY, we AFFIRM the district court's denial of the motion to suppress.
 
 
 
 *
 The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3