941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dan MARTINEZ, Defendant-Appellant.
 No. 90-2202.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 On January 3, 1989, defendant-appellant Dan Martinez and a codefendant were stopped at the permanent border patrol checkpoint on Interstate 25 north of Truth or Consequences, New Mexico. The investigating border patrol officer noticed that the defendants were acting suspiciously and exhibiting extreme nervousness. He then requested to search the trunk of defendant's automobile. After consent, the officer found approximately sixty-five pounds of marijuana in the trunk. Defendant later was convicted of possession with intent to distribute less than fifty kilograms of marijuana in violation of 18 U.S.C. § 841(a)(1) & (b)(1) and 18 U.S.C. § 2 (aiding and abetting). Prior to trial, the district court denied defendant's motion for suppression which was based on the argument that the marijuana was seized in violation of defendant's fourth amendment rights. Defendant appeals, challenging the denial of his motion to suppress.[1]
 
 
 2
 Defendant contends that, once the border patrol agent determined that he and his codefendant were United States citizens, the agent had no legal basis for further detention and questioning and that the consensual search therefore was illegal. Our cases dealing with permanent border patrol check points clearly establish that border patrol agents have broad authority briefly to detain and question motorists regarding citizenship matters even when lacking reasonable suspicion of wrongdoing. See United States v. Sanders, No. 90-2216, slip op. (10th Cir. June 24, 1991) ; United States v. Rubio-Rivera, 917 F.2d 1271 (10th Cir.1990); United States v. Benitez, 899 F.2d 995 (10th Cir.1990); United States v. Johnson, 895 F.2d 693 (10th Cir.1990); United States v. Espinosa, 782 F.2d 888 (10th Cir.1986). Furthermore, the same line of authority indicates that border patrol officers are not required blindly to ignore suspicious circumstances regardless of whether the circumstances are indicative of an immigration offense. See, e.g., Rubio-Rivera, 917 F.2d at 1276; Johnson, 895 F.2d at 696; Espinosa, 782 F.2d at 891. The facts of this case are indistinguishable from the facts in Benitez, in which we held that the defendant's nervous conduct at a permanent border patrol checkpoint justified prolonged detention and a request to search the defendant's automobile. See 899 F.2d at 998. This case is controlled by the above line of authority.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This is an appeal after an earlier remand. See United States v. Martinez, Nos. 89-2104 & 89-2105, unpub. order and judgment (10th Cir. Mar. 22, 1990)