951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo RAYGOZA-TORRES, Defendant-Appellant.
 No. 91-2158.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Eduardo Raygoza-Torres appeals his conviction for possession with intent to distribute less that fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). The only issue he raises is whether the district court improperly denied his motion to suppress evidence obtained in a search of his vehicle. For the reasons set out below, we affirm.
 
 
 4
 At approximately 1:30 a.m., defendant arrived at a permanent border patrol checkpoint in a pick-up truck with a camper shell. Through questioning, the agent learned that defendant was a resident alien and that his wife, who had been asleep in the back of the truck, was also a resident alien. The agent's suspicions were aroused because both defendant and his wife were nervous, and in his experience as a border patrol agent it was unusual for people with proper documents to be nervous. The agent asked defendant if he was the registered owner of the vehicle and was told that defendant's uncle, Gabriel Garcia, had lent him the truck. When defendant was unable to find the registration papers in the glove box, the agent referred him to the secondary inspection area to conduct a vehicle registration check and to determine if the vehicle had been reported stolen.
 
 
 5
 At the secondary inspection area, defendant produced a registration document which indicated that the vehicle was registered to Daniel Ramos and Jose Sanchez. When defendant said he assumed his uncle had purchased the truck from those men, the agent conducted a vehicle registration check via radio, as well as a stolen vehicle check, and a 72-hour-lane check to determine if the truck had recently been in Mexico. The checks came back within one minute and indicated that the vehicle was registered to Gabriel Garcia, had not been reported stolen, and had not recently been in Mexico.
 
 
 6
 Thereafter while the agent was standing next to the truck talking to defendant, he began to detect an odor which he recognized as marijuana. He then requested defendant's consent to search the vehicle, which defendant gave. The agent testified that no more than two minutes elapsed from the time he received the information on his radio checks until he detected the odor. A search of the truck revealed 91 pounds of marijuana.
 
 
 7
 Defendant contends that once the agent satisfied himself that the occupants of the truck had proper documentation, he should have permitted them to proceed on their way without further questioning and without directing them to the secondary inspection area. In United States v. Sanders, 937 F.2d 1495 (10th Cir.1991), we specifically rejected a similar contention. "Border patrol agents may 'question individuals regarding suspicious circumstances, in addition to citizenship matters, when those individuals are stopped at a permanent checkpoint.' " Id. at 1499 (quoting United States v. Benitez, 899 F.2d 995, 998 (10th Cir.1990). Moreover, "[n]o individualized suspicion is necessary to stop, question and then selectively refer motorists to a secondary inspection checkpoint." Id.
 
 
 8
 Here, the agent's suspicions were aroused because of defendant's and his wife's unusual nervousness, and then because of the difference between the registration papers and the person defendant named as the owner of the vehicle. These were sufficient suspicious circumstances under Sanders to warrant the radio checks. The odor of marijuana was detected within a very short time thereafter, giving the agent probable cause to search the vehicle. Under these circumstances, the district court properly denied defendant's motion to suppress the evidence discovered in the search.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3