956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hector CHAVEZ-MONCADO, Defendant-Appellant.
 No. 91-2144.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN A. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Chavez-Moncado was indicted and charged with one count of possession with the intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Thereafter, he filed a motion to suppress which the district court denied. Mr. Chavez-Moncado then pled guilty to the indictment while reserving his right to appeal the district court's denial of his motion to suppress. Upon review of his contentions on appeal, we AFFIRM.
 
 
 3
 On October 11, 1990, Mr. Chavez-Moncado drove an International pickup truck intothe permanent border patrol checkpoint located on Interstate 25, north of Las Cruces, New Mexico. At the primary checkpoint, the border patrol agent (hereinafter "agent") questioned Mr. Chavez-Moncado as to his citizenship. Mr. Chavez-Moncado stated that he was a United States citizen. During the course of this questioning, the agent looked over the vehicle and noticed that the bed of the truck appeared to have been modified in that it had been lowered. The agent also noticed that Mr. Chavez-Moncado appeared nervous in that his voice was quivering and he avoided eye contact. The vehicle was then referred to the secondary inspection area.
 
 
 4
 At the secondary inspection area, the agent asked for and received Mr. Chavez-Moncado's consent to inspect the truck. During this inspection, the agent discovered that the truck bed had been modified to contain a hidden compartment. When the compartment was opened, the agent discovered three suitcases which contained marijuana.
 
 
 5
 Mr. Chavez-Moncado contends that his referral to the secondary checkpoint and interrogation went beyond the scope of a routine checkpoint inquiry in violation of his Fourth Amendment rights and that any evidence seized thereafter was inadmissible. We disagree.
 
 
 6
 Mr. Chavez-Moncado does not challenge the authority of border patrol agents to question the occupants of a vehicle at an established permanent checkpoint. However, he argues that once the agent had satisfied himself that Mr. Chavez-Moncado was a United States citizen, he should have been permitted to proceed on his way without further questioning. We disagree. The Supreme Court has held "that stops for brief questioning routinely conducted at permanent checkpoints are consistent with the Fourth Amendment and need not be authorized by warrant." United States v. Martinez-Fuerte, 428 U.S. 543, 566 (1976). This court has held that
 
 
 7
 [E]ven when the questions asked at the primary checkpoint allay all concerns about citizenship and immigration status, an agent still may direct a vehicle to a secondary checkpoint and further question the occupants on the basis of reasonable suspicion that a crime has been committed.
 
 
 8
 United States v. Rubio-Rivera, 917 F.2d 1271, 1276 (10th Cir.1990) (citing United States v. Johnson, 895 F.2d 693, 698 (10th Cir.1990)). The agent in this case testified that the type of modification he observed in Mr. Chavez-Moncado's truck usually denotes a modified compartment that can be used to smuggle contraband. (Transcript of Proceedings at 11). Based upon his observation that the truck bed had been modified, the agent's referral of Mr. Chavez-Moncado's truck to the secondary inspection area was reasonable.
 
 
 9
 In United States v. Benitez, 899 F.2d 995, 998 (10th Cir.1990), this court found that the nervousness of a detainee at a permanent checkpoint gave rise to a reasonable suspicion which justified the agent's further questioning and request for consent to search. Further, this court has held that "[b]order patrol agents have wide discretion in selecting which motorists to divert to a secondary inspection area for brief questioning." United States v. Sanders, 937 F.2d 1495, 1500 (10th Cir.1991) (citing United States v. Martinez-Fuerte, 428 U.S. 543, 562-63 (1976)).
 
 
 10
 In light of the fact that the agent observed that the truck bed had been modified and that Mr. Chavez-Moncado appeared nervous and avoided eye contact, we hold that the referral to the secondary checkpoint was reasonable and did not violate the Fourth Amendment, and that the search of Mr. Chavez-Moncado's vehicle was based on his valid consent to search. The decision of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3