961 F.2d 221
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel M. SAAVEDRA and Sylvia L. Saavedra, Defendants-Appellants.
 Nos. 91-2046, 91-2047.
 United States Court of Appeals, Tenth Circuit.
 April 14, 1992.
 
 1
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Defendants-Appellants entered conditional guilty pleas, Fed.R.Crim.P. 11(a)(2), to charges of possession with intent to distribute marijuana, and aiding and abetting.[1] Appellants' App. docs. 4 and 5. Pursuant to a written plea agreement, Defendants reserved their right to appeal the district court's denial of their motion to suppress. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 4
 On appeal from the denial of a defendant's motion to suppress, "our standard of review is to accept the trial court's findings of fact, unless clearly erroneous, and to consider the evidence in the light most favorable to the Government." United States v. McAlpine, 919 F.2d 1461, 1463 (10th Cir.1990). A finding is clearly erroneous when " 'the reviewing court ... is left with the definite and firm conviction that a mistake has been committed.' " Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 5
 Defendants, husband and wife, assert error in the district court's denial of their Motion to Suppress Evidence, claiming that they did not voluntarily consent to opening the trunk of their automobile at a permanent Border Patrol checkpoint. Instead, according to Defendants, Mr. Saavedra opened the trunk only in acquiescence to a claim of lawful authority. In the district court and on appeal, Defendants have stipulated that the facts are as stated in the Government's Response to Defendants' Motion to Suppress Evidence. Appellants' App. doc. 2. Defendants presented no evidence at the hearing on their Motion to Suppress Evidence. See Appellants' App. doc. 3. The district court adopted as its findings the factual statements set forth in the Government's Response. Id.
 
 
 6
 Brief stops for routine questioning at permanent checkpoints do not require a warrant. United States v. Martinez-Fuerte, 428 U.S. 543, 566 (1976); United States v. Espinosa, 782 F.2d 888, 891 (10th Cir.1986). The Border Patrol may ask the driver and passengers to explain suspicious circumstances, but may not search a private vehicle without consent or probable cause. United States v. Benitez, 899 F.2d 995, 997-98 (10th Cir.1990). Consent to search is valid if given voluntarily. United States v. Lopez, 777 F.2d 543, 548 (10th Cir.1985) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)). "Whether consent is in fact voluntary, or is the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances. The Government has the burden of proving that consent was given freely and voluntarily." United States v. Recalde, 761 F.2d 1448, 1453 (10th Cir.1985) (citations omitted). Consent to search need not be given verbally, but may be demonstrated by actions. See, e.g., United States v. Payan, 905 F.2d 1376, 1379 (10th Cir.1990) (defendant who opened trunk without objection or hesitation at request of Border Patrol agent consented to search of car trunk); Benitez, 899 F.2d at 999 (consent given by defendant who "immediately exited the car and opened the trunk" at Border Patrol agent's request to look in the trunk).
 
 
 7
 We have considered Defendants' arguments in light of the record, and we find nothing clearly erroneous in the trial court's ruling that Mr. Saavedra freely and voluntarily consented to open the trunk of his automobile, permitting the Border Patrol agent to look inside. Accordingly, we affirm the district court's denial of Defendants' Motion to Suppress Evidence.
 
 
 8
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 21 U.S.C. § 841(a)(1); 21 U.S.C. § 841(b)(1)(D); 18 U.S.C. § 2