**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Alfredo PRECIADO,
Defendant–Appellant.**

No. 91–2131.

United States Court of Appeals,
Tenth Circuit.

June 5, 1992.

Judith A. Patton, Asst. U.S. Atty., Las Cruces, N.M. (Don J. Svet, U.S. Atty., David N. Williams, Asst. U.S. Atty., Albuquerque, N.M., on the brief), for plaintiff-appellee.

William D. Fry, Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

McKAY, Chief Circuit Judge, HOLLOWAY, Circuit Judge, and BELOT, District Judge.*

BELOT, District Judge.

This is an appeal from a final judgment in a criminal case. Jose Alfredo Preciado

* Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by desig-    nation.

was indicted for one count of possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1). Preciado's motion to suppress evidence was denied by the district court after an evidentiary hearing. Following the denial of his motion to suppress, Preciado entered a plea of guilty and reserved the right to appeal the denial of his motion to suppress. Preciado was sentenced to a term of 30 months imprisonment followed by three years of supervised release.

The issue presented in this appeal is whether the detention and search of Preciado's automobile at a permanent border checkpoint violated the Fourth Amendment.

The testimony given at the suppression hearing indicates that at approximately 2:40 p.m. on January 1, 1991, Ramon Rodriguez drove a red Camaro into a permanent Border Patrol checkpoint near Las Cruces, New Mexico. Jose Alfred Preciado (Defendant–Appellant) was the sole passenger in the automobile. Border Patrol Agent Leroy Garcia approached the automobile and asked Rodriguez if he was a United States citizen. Rodriguez responded by giving Garcia two documents: a permanent alien card belonging to Rodriguez and a temporary resident card belonging to Preciado. Garcia asked who owned the automobile, and Preciado responded he did. Garcia then asked for registration proof, but Preciado responded he did not have any.

Garcia then asked if the two men were coming from Mexico. Preciado replied that they were not, and claimed they had been visiting relatives in Las Cruces for several days, although he could not provide the address, phone number, or directions to the relatives' house. As Preciado was talking, Garcia noticed Preciado's voice was cracking and he was fidgeting and moving about the passenger compartment. Garcia referred the car to the secondary inspection area. Approximately two minutes elapsed in the primary inspection area.

At the secondary area, Preciado began walking about the area, and Garcia had to instruct him to stay in one area for officer safety. Garcia asked Preciado if he could search the automobile, and Preciado consented and opened the trunk. Garcia observed a funnel in the trunk, and smelled gasoline in the funnel. Garcia was suspicious because he had been involved in previous drug seizures in which marijuana had been concealed in the gas tank using a funnel. Garcia then looked underneath the automobile, and he noticed the bolts holding the gas tank had been tampered with. He tapped on the gas tank with his hand, and heard a solid sound, indicating a bulk item had been placed in the gas tank. Agent Martinez also tapped the gas tank and heard a solid sound.

Garcia requested a dog trained to detect narcotics be brought to the checkpoint. Garcia asked Preciado if he minded waiting for approximately thirty minutes for the dog to arrive, and Preciado said he did not mind. The dog arrived approximately forty minutes later and alerted the agents to the presence of narcotics in the gas tank. The tank was removed, and the agents discovered 61 pounds of marijuana. Preciado thereafter made several incriminating statements to Garcia.

The district court found Preciado exhibited nervousness, which standing alone was sufficient to raise a reasonable suspicion and justified detaining him for further investigation. The court also found consent was freely and voluntarily given to search the vehicle.

■ The standard of review is clear:
In reviewing a denial of a motion to suppress, the trial court's finding of fact must be accepted by this court unless clearly erroneous, *United States v. Cooper*, 733 F.2d 1360, 1364 (10th Cir.1984), with the evidence viewed in the light most favorable to the district court's finding. *United States v. Obregon*, 748 F.2d 1371, 1376 (10th Cir.1984).

*U.S. v. Benitez*, 899 F.2d 995, 997 (10th Cir.1990).

Preciado argues his detention and interrogation at the primary inspection area and his continued detention in the secondary inspection area went beyond the permissi-

ble scope of a routine border inspection. He argues that once Agent Garcia ascertained his immigration card was valid, he should have been permitted to proceed without further delay.

Application of the Fourth Amendment under the facts of this case requires this court to balance between the government's interest in monitoring its borders with the level of intrusiveness occasioned by the stop. *Michigan v. Sitz*, 496 U.S. 444, 110 S.Ct. 2481, 2486, 110 L.Ed.2d 412 (1990). This court has held that border patrol agents may question individuals regarding suspicious circumstances, in addition to citizenship matters, when those individuals are stopped at permanent checkpoints. *United States v. Benitez*, 899 F.2d 995, 998 (10th Cir.1990). Even when the questions asked at the primary inspection area satisfy all concerns about a person's citizenship or immigration status, an agent may still direct a vehicle to a secondary inspection area and further question the occupants on the basis of reasonable suspicion that a crime has been committed. *United States v. Johnson*, 895 F.2d 693, 696 (10th Cir.1990).

In the present case, the district court found Preciado's nervousness alone gave rise to reasonable suspicion. The court's finding rested on testimony by Agent Garcia that Preciado's voice was cracking and he was fidgeting in this car. This court has previously held nervousness alone can give rise to reasonable suspicion. *Benitez*, 899 F.2d at 998. Additionally, the record indicates Preciado was unable to show registration for the automobile and unable to recollect basic details about his travels. These facts further support a finding of reasonable suspicion which justified Agent Garcia's further questioning and request to search the automobile. We hold the district court's finding was not clearly erroneous. *U.S. v. Rubio–Rivera*, 917 F.2d 1271, 1275–76 (10th Cir.1990).

We AFFIRM the district court's denial of Preciado's motion to suppress.