**UNITED STATES of America, Plaintiff,**

v.

**Jose Antonio TORRES, Defendant.**

**Civ. No. 92–CR–30B.**

United States District Court,
D. Utah, C.D.

Oct. 8, 1992.

MEMORANDUM DECISION
AND ORDER

BENSON, District Judge.

The court has before it a Motion to Suppress filed by defendant Jose Antonio Torres. Defendant seeks to suppress evidence found in the search of a vehicle driven by defendant. He argues that the detention and search of the vehicle violated his fourth amendment rights against unreasonable search and seizure.

*Factual Background*

On January 29, 1992, defendant (a Mexican illegal alien) was driving with two passengers eastbound on Interstate 70 in Southern Utah. At approximately 9:30 a.m., Deputy Sheriff Phil Barney of the Sevier County Sheriff's Office stopped the vehicle for traveling 77 miles per hour in a 65 m.p.h. zone. Officer Barney activated his video camera as he initiated the stop of the vehicle.

Officer Barney approached the vehicle and asked for a driver's license and registration. Defendant informed Officer Barney that he did not have a driver's license. A passenger in the back seat gave Officer Barney the registration papers and informed him that the vehicle belonged to his brother. The last name of the person to whom the car was registered matched the last name of the passenger. Officer Barney then asked for defendant's name and date of birth. He also obtained identification from the two passengers.

During this initial encounter, Officer Barney noticed that defendant's hands were shaking and that the pulse in his throat was pounding. He also noticed that the passenger in the back seat was nervous. His hands were visibly shaking when he handed the registration papers to Officer Barney.

Officer Barney returned to his car to run an NCIC check on the vehicle and its passengers. The check came back negative. Officer Barney returned to the defendant's car and informed defendant that he was

Paul M. Warner, Salt Lake City, for plaintiff.

Michael Adkins, Salt Lake City, for defendant.

issuing a citation for driving without a license. Although he noted defendant's speed on the ticket, he did not cite defendant for exceeding the speed limit.

Officer Barney returned the registration to the passenger in the back seat, and handed defendant the ticket book for him to sign. At this point, Officer Barney noticed that the occupants of the vehicle remained extremely nervous. While defendant was in possession of the ticket book, Officer Barney asked questions to the passenger in the back seat. He first asked whether they had any guns or drugs with them. The answer was no to both questions. Next, he asked whether he could look in the car. The passenger in the back seat answered yes.

After obtaining consent to search the car, Officer Barney asked the passengers to step out of the vehicle. Defendant returned the ticket book and exited the vehicle. The passengers opened the back of the vehicle for Officer Barney. Officer Barney then lifted up a cloth cover over the spare tire. Through the hole in the spare tire, he saw a package which he believed to contain narcotics. The package was tightly wrapped with duct tape on both ends. Based on his experience, Officer Barney testified, the size and characteristics of the package led him to believe that it contained a kilo of cocaine.

Officer Barney removed the package and asked the occupants what was in the box. He was told that it contained papers. He next asked who owned the box. None of the occupants responded to the question. Thereafter, Officer Barney opened the box. The package contained 204 counterfeit Social Security cards, 204 counterfeit Temporary Resident cards, and 2 counterfeit Resident Alien cards.

Based upon this evidence, defendant was charged with violation of 18 U.S.C. § 1028(a)(3)—possession with intent to transfer false United States identification documents. Defendant entered a conditional plea of guilty to the charged offense pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure.

## Discussion

Defendant seeks to suppress the evidence obtained in the search of the vehicle, arguing that the detention and search of the vehicle were done in violation of the fourth amendment. First, he asserts that the seizure of the vehicle was illegal because the detention continued longer than was necessary. Next, he argues that the search of the vehicle was improper because it was not based on valid consent.

### I. The Stop and Detention of the Vehicle

As a preliminary matter, the court notes that defendant has standing to object to the stop and detention of the vehicle. An occupant of a vehicle may properly challenge a stop of that vehicle as an objection to the seizure of his person. *See United States v. Erwin,* 875 F.2d 268, 270 (10th Cir.1989) ("It is beyond dispute that a vehicle's driver may challenge his traffic stop....").

Defendant does not challenge the initial stop as illegal or pretextual. Rather, he alleges that the detention continued longer than was necessary to complete the purpose of the stop. He cites to *United States v. Walker,* 933 F.2d 812 (10th Cir. 1991) and *United States v. Guzman,* 864 F.2d 1512 (10th Cir.1988) as support for this proposition.

The court finds, however, that these cases are not analogous to the present case. Here, the detention did not continue longer than was necessary to complete the original purpose for the stop. It is not unlawful for an officer to ask questions during a vehicle detention, so long as the officer does not delay the stop beyond the measure of time necessary to issue the citation. *See Walker,* 933 F.2d at 816 n. 2; and *United States v. Morales–Zamora,* 914 F.2d 200, 203 (10th Cir.1990).

Here, Officer Barney asked the questions after he had given the ticket book to defendant. The questions were directed to the passenger in the back seat during the time that defendant was signing the ticket book. Having the driver sign and return the ticket book is a necessary part of issuing a citation. Because Officer

Barney's questioning occurred while this was taking place, it cannot be said that he delayed the detention longer than was necessary to complete the purpose of the stop.

It is important to note that when Officer Barney asked questions of the passenger in the rear seat, he had returned the vehicle registration and identification papers to the occupants. To the extent that defendant retained possession of the ticket book longer than was absolutely necessary, the original detention became a consensual encounter. The fourth amendment does not prohibit an officer from asking questions to a motorist if the encounter is consensual.

■ Finally, the court finds that even if the detention was delayed beyond the time necessary to complete the purpose of the initial stop, Officer Barney was justified in delaying the detention long enough to ask a few additional questions. Under the circumstances of this case, the court finds that Officer Barney had reasonable suspicion of unlawful activity so as to justify limited further inquiry into the occupants' activities.

Officer Barney testified that the circumstances surrounding the stop of the vehicle caused him to become suspicious of illegal activity. The primary factor which raised his suspicion was the nervousness of the occupants. Officer Barney testified that from his experience, signs of nervousness are a good indicator of illegal activity. He explained that the typical motorist, who is merely guilty of a traffic violation, will calm down and relax after the initial encounter with the officer. Those who are engaged in more serious illegal activity, however, do not calm down during the encounter. Instead, such individuals tend to continue to exhibit signs of extreme nervousness. (Tr. pp. 27–28).

Officer Barney testified that during the encounter with defendant, the occupants of the vehicle appeared extremely nervous. He noticed that defendant's hands shook visibly and that the pulse in his throat was pounding. The passenger in the back seat also exhibited these signs. When Officer Barney returned to the vehicle to return the registration and issue the citation, he noticed that the occupants remained extremely nervous. He testified that the passenger's hand was shaking when he reached out for the registration certificate. (Tr. pp. 35–37, 55).

In addition to signs of nervousness, Officer Barney testified that there were other factors which caused him to become suspicious of illegal activity. The owner of the vehicle was not present in the vehicle. There were three occupants driving a long distance without stopping for the night. Officer Barney testified that in his experience as a law officer, these factors are often present when illegal material is being transported. (Tr. pp. 31, 37, 55, 59–60).

Officer Barney testified that the continued extreme nervousness, coupled with the other suspicious factors, led him to believe that contraband was being transported in the vehicle. This suspicion prompted him to ask the brief questions he asked, and to request consent to search the vehicle.

Defendant argues that the suspicions articulated by Officer Barney are not reasonable. The court, however, disagrees with defendant's argument and finds that the circumstances were sufficient to support a reasonable suspicion of transportation of contraband.

■ Nervousness alone can give rise to a reasonable suspicion of illegal activity. *See United States v. Benitez*, 899 F.2d 995, 998 (10th Cir.1990) ("Appellant's nervousness gave rise to reasonable suspicion which justified [the officer's] further questioning and request for consent to search.") Here, Officer Barney did not base his suspicion on nervousness alone. Other circumstances surrounding the occupants of the vehicle were suggestive of a typical pattern of operation for those engaged in the transportation of contraband.

The court finds that these factors are sufficient to establish a reasonable suspicion of illegal activity. Based on such suspicion, Officer Barney was justified in asking additional questions and requesting consent to search the vehicle. Under the circumstances, this was the least intrusive

means to follow upon on the officer's suspicions.

In summary, the court finds that the stop and detention of the vehicle was not illegal. The stop was made for valid traffic enforcement purposes. The detention was not delayed beyond the time reasonably necessary to complete the purpose of the stop. Furthermore, Officer Barney was justified in the detention because the circumstances surrounding the stop justified a reasonable suspicion of illegal activity.

## II. The Search of the Vehicle

Defendant next contends that evidence obtained from the search of the vehicle should be suppressed because the search was done in violation of his fourth amendment rights. The United States responds by arguing (A) that defendant lacks standing to contest the search of the vehicle, and (B) that the search was conducted pursuant to valid consent given by the passenger in the back seat.

### A. Standing

■ Defendant has the burden of establishing standing to contest the search of the automobile. *See Rakas v. Illinois*, 439 U.S. 128, 130 n. 1, 99 S.Ct. 421, 424 n. 1, 58 L.Ed.2d 387 (1978) ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.") He must establish a reasonable expectation of privacy in the vehicle. Fourth amendment rights are personal, and may not be asserted vicariously. *See id.* at 133–34, 99 S.Ct. at 425. When a defendant lacks a personal property or possessory interest in the property searched or the items seized, he lacks standing to object to the search of those items.

■ The circumstances of this case are similar to those in *United States v. Jefferson*, 925 F.2d 1242 (10th Cir.1991). There, the defendant was a driver of a vehicle in which the owner was present as a passenger. The court found that because he was present in the automobile, the owner alone retained a possessory interest in the car. The driver was unable to establish a privacy interest in the property search. He

presented no evidence of an interest in the vehicle "other than serving as one of the designated drivers during [that] particular trip." *Id.* at 1249. The court found this insufficient to establish standing.

Similarly, in the present case, defendant has presented no evidence of a legitimate privacy interest in the automobile. Defendant testified that he did not own and that he had not borrowed the car. At the time of the search, defendant asserted no interest in the vehicle or in the package which was seized. Defendant's only evidence of any interest in the car is the fact that he was driving the car on this particular trip, and that the vehicle purportedly was owned by the brother of the passenger in the back seat. This is insufficient to meet the burden of proving standing under *Jefferson*. *See also United States v. Arango*, 912 F.2d 441 (10th Cir.1990); and *United States v. Erwin*, 875 F.2d 268 (10th Cir.1989).

Here, as in *Jefferson*, defendant is unable to establish a personal, reasonable privacy interest in the property searched. Accordingly, defendant lacks standing and may not object to the evidence obtained in the search.

### B. Consent

■ Even if defendant had standing to contest the search, the court finds that the search was not improper because Officer Barney obtained valid consent to search the automobile.

Although defendant argues that he never gave consent to search, he concedes that one of the other passengers may have given such consent. This is consistent with the testimony given at the hearing. It is evident from the record that consent was sought and obtained from the passenger in the back seat. Officer Barney testified that he directed his request to the passenger because he had represented himself to be the brother of the vehicle's owner. This is consistent with the court's finding regarding standing. The party which presumably had the possessory interest in the car was the one who gave consent to search it.

Officer Barney testified that he used no threats or coercion when he requested permission to search. He stated that the consent was given quickly and without reluctance. Defendant has presented no evidence to show that the consent was not voluntarily given. A review of the video tape shows no indication of any type of duress or coercion. Officer Barney merely asked if he could look in the car. Furthermore, the passengers assisted Officer Barney in opening the back of the vehicle. This further indicates that the consent to search was voluntarily given.

Defendant argues that the consent was involuntary due to a tendency to agree with authority figures stemming from Mexican heritage. However, defendant has presented no evidence whatsoever to show that he or the passenger has such tendencies, or that the consent was involuntary due to such tendencies.

Defendant also argues that even if Officer Barney received consent to search the vehicle, the actual search exceeded the scope of the consent received. However, defendant has presented no evidence to establish that the search exceeded the scope of the consent. The passenger consented to Officer Barney's request that he be allowed to look in the car. This does not suggest a limitation on the scope of the search. Furthermore, the passengers assisted him in opening the back of the vehicle. None of the passengers claimed any interest in the package or objected to its seizure. There is simply no evidence that the consent to search was limited or that Officer Barney exceeded the scope of the consent.

Accordingly, the court finds that consent to search was freely and voluntarily given. There is no evidence whatsoever of coercion or involuntariness. Thus, even if defendant had standing to contest the search of the automobile, the court finds that the search was proper pursuant to the validly-obtained, voluntary consent.

### Conclusion

The court finds that the stop and detention of the vehicle was not improper. The detention was not delayed longer than was reasonably necessary to issue the traffic citation. Furthermore, a delay in the detention would have been justified based on reasonable suspicion of illegal activity.

Defendant has no personal fourth amendment interest in the property searched. Therefore, he has no standing to object to the search. In addition, the search performed by Officer Barney was not illegal because it was conducted pursuant to voluntary consent.

Accordingly, defendant's motion to suppress is denied. IT IS SO ORDERED.