977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin M. ADAMS, Defendant-Appellant.
 Nos. 92-6001, 92-6221.
 United States Court of Appeals, Tenth Circuit.
 Oct. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Marvin Adams (Adams) appeals from two orders of the district court denying his motions to suppress and dismiss and to quash grand jury indictment. The dispositive facts are not in dispute.
 
 
 3
 On January 14, 1991, Adams and one James Glaspie were in Oklahoma City on business. On the same day, Agent Delbert Sparger of the Oklahoma Bureau of Narcotics met with Oklahoma City Police Department Officers Bill Weaver and Frank Koch and told them that Adams was under investigation for impersonating a drug enforcement agent. Sparger also related that he believed that Adams and Glaspie were convicted felons in possession of a firearm.
 
 
 4
 During the evening of January 14, 1991, Officers Weaver and Koch stopped Glaspie and Adams as they were driving through Oklahoma City. Officer Koch observed Adams reach under the seat as though he was trying to hide something. Officer Koch approached the car and asked Adams if there were any weapons in the car. Adams responded affirmatively.
 
 
 5
 Glaspie and Adams subsequently consented to a search of the car during which the officers discovered a revolver in the glove box and ammunition under the seat where Officer Koch had observed Adams reach. Glaspie and Adams were advised of their rights. Adams was arrested after he related that he was a convicted felon.
 
 
 6
 Glaspie and Adams were then placed in a police car for transportation to jail. Unbeknownst to either of them, the police car had a hidden recording device. The device recorded Adams relating to Glaspie that they had nothing to worry about since he had removed the bullets from the gun and that it was a good thing that he had not brought the other gun.
 
 
 7
 Glaspie and Adams were both charged in state court with being in possession of a firearm after having been convicted of a felony. The charges against Glaspie were dismissed, and he testified against Adams during Adams' preliminary hearing. The state court dismissed the charges against Adams upon finding that he had been illegally arrested in violation of the Fourth Amendment. Thereafter, a federal grand jury returned an indictment against Adams charging him with being a convicted felon in possession of a firearm. Adams moved to suppress all evidence and dismiss and to quash grand jury indictment.
 
 
 8
 Within his motion to suppress all evidence and dismiss, Adams argued that the evidence seized by the officers was the result of an unlawful search and seizure and was therefore not admissible in a federal criminal proceeding. Following a hearing, the court entered an order denying Adams' motion, finding: the initial stop of the vehicle was appropriate under Terry v. State of Ohio, 392 U.S. 1 (1968); Adams volunteered information about the gun after the stop was made; consent to search the vehicle was given; Adams admitted his prior conviction after being advised of his rights; the officers had reasonable cause to arrest Adams after finding the gun and hearing his admission of a prior conviction.
 
 
 9
 After the court denied his motion to suppress all evidence and dismiss, but prior to the court ruling on his motion to quash grand jury indictment, Adams entered a conditional plea of guilty.
 
 
 10
 Within his motion to quash grand jury indictment, Adams argued that the testimony presented to the grand jury did not include certain exculpatory evidence, i.e., that his motion to quash, suppress, and dismiss was granted in the state court proceedings. The district court denied Adams' motion, finding that the legal ruling made by the state court was not binding on the federal courts and, accordingly, evidence that the state court action was dismissed was not exculpatory evidence required to be disclosed to the federal grand jury.
 
 
 11
 On appeal, Adams contends that the district court erred in denying his motion to suppress and dismiss and in denying his motion to quash.
 
 I.
 
 12
 Adams contends that the district court erred in denying his motion to suppress all evidence and dismiss his case.
 
 
 13
 In reviewing a denial of a motion to suppress, the trial court's findings of fact must be accepted by this court unless clearly erroneous, United States v. Preciado, 966 F.2d 596, 597 (10th Cir.1992), with the evidence viewed in the light most favorable to the district court's finding. United States v. Caro, 965 F.2d 1548, 1551 (10th Cir.1992).
 
 
 14
 a.
 
 
 15
 Adams contends that the court should have granted his motion to suppress all evidence and dismiss his case because the admission elicited from him, that there was a weapon in the vehicle, was in violation of his Fifth Amendment rights. Adams argues that since the first question the officers asked after they stopped the vehicle he was riding in was whether there were any weapons in the car, and since Officer Koch knew that the question was likely to evoke an incriminating answer, the question amounted to "an interrogation which invoked Defendant Adams 5th Amendment rights." (Brief in Chief of Appellant at p. 4).
 
 
 16
 We hold that the district court's findings that a custodial interrogation had not commenced and that Adams voluntarily responded that there was a weapon in the vehicle were not clearly erroneous:
 
 
 17
 ... Although Adams requests the Court to suppress all evidence and dismiss this cause against him, the Court declines to do so. First, the initial stop of the vehicle was appropriate under Terry [Terry v. State of Ohio, 392 U.S. 1 (1968) ]. Once the stop was made Adams volunteered information about the gun. Although it is required that an officer advise a person of his constitutional rights against self-incrimination before initiating custodial interrogation, Miranda v. State of Arizona, 384 U.S. 436 (1966), when an officer inquires at the outset of a traffic or Terry stop whether weapons are in the car, this is not custodial interrogation and does not require the advice of Miranda rights.
 
 
 18
 (Appendix at p. 10).
 
 
 19
 b.
 
 
 20
 Adams contends that the case against him should be dismissed or, alternatively, the testimony of Glaspie should be suppressed because a state prosecutor violated Oklahoma's Rules of Professional Conduct, Rule 4.2.[1] Adams argues that the State, acting through Agent Sparger, knowing that he and Glaspie were represented by the same counsel, nevertheless went behind counsel's back and got Glaspie to testify against him, without the knowledge or consent of counsel, in circumvention of Rule 4.2. Adams argues that the exclusionary rule mandates dismissal of this case or, in the alternative, suppression of the evidence.
 
 
 21
 The government responds that Adams' allegations are without merit since he has failed to show how his Sixth Amendment rights to counsel have been violated and since the case against Glaspie had previously been dismissed. The government also argues, citing United States v. Partin, 601 F.2d 1000, 1006 (9th Cir.1979), cert. denied, 446 U.S. 964 (1980), that the Sixth Amendment right to counsel is a personal right and a co-defendant lacks standing to challenge a violation. We agree.
 
 
 22
 c.
 
 
 23
 Adams contends that the court erred in ruling that the stop, search, and arrest were pursuant to constitutional prerequisites. Adams argues that Officers Koch and Weaver had neither reasonable suspicion for the initial stop nor probable cause to search the vehicle.
 
 
 24
 The government responds that, contrary to Adams' representations, the law enforcement officers were cognizant of a wealth of information which justified their actions, including: Glaspie was a convicted felon; both Glaspie and Adams had been seen with firearms the days/weeks prior to their arrest; a confidential information had seen Adams carrying a firearm in his briefcase the day of his arrest; Adams had recently indicated that he was a DEA agent; and a local DEA agent had confirmed that Adams was not a DEA agent.
 
 
 25
 Under these circumstances, we agree with the district court's findings that Officers Koch and Weaver had reasonable suspicion justifying their initial Terry stop and thereafter had probable cause to search the vehicle when Adams voluntarily stated that the vehicle contained a gun.
 
 
 26
 d.
 
 
 27
 Adams contends that the evidence obtained as a result of an unlawful search or seizure by local officers must be excluded in a federal criminal prosecution. Adams argues that the evidence presented by Officers Weaver and Koch was tainted since it was seized pursuant to an illegal arrest and Glaspie's testimony was also tainted because of the misconduct of Agent Sparger and the state prosecutor.
 
 
 28
 These identical issues were considered and decided adversely to Adams in subsections a., b., and c., supra, and do not warrant further discussion herein.
 
 II.
 
 29
 Adams contends that the district court erred in denying his motion to quash the grand jury indictment. Adams argues that the indictment should have been quashed when, as here, the testimony presented to the grand jury did not include certain exculpatory evidence, i.e., that his motion to quash, suppress, and dismiss was granted in the state court proceedings. This argument was recently rejected in United States v. Williams, --- U.S. ----, 112 S.Ct. 1735, 1743-46 (1992) (a district court may not dismiss an otherwise valid indictment on the grounds that the government failed to disclose to the grand jury substantial exculpatory evidence in its possession).
 
 
 30
 Moreover, "a prosecutor need not present all conceivably exculpatory evidence to the grand jury" but only that "evidence that clearly negates guilt." United States v. Reid, 911 F.2d 1456, 1460 (10th Cir.1990), quoting, United States v. Page, 808 F.2d 723, 727 (10th Cir.), cert. denied, 482 U.S. 918 (1987). Here, the evidence that the state court action was dismissed was not "evidence that clearly negate[d] guilt" with respect to Adams' federal charges.
 
 We agree with the district court that:
 
 31
 As the Court and parties have previously recognized, the legal ruling made by a state court judge was not binding on this Court.... Dismissal of the state court action did not excuse the defendant from the acts for which he was indicted here. Therefore, evidence that the state court action was dismissed is not exculpatory evidence required to be disclosed to the federal grand jury. The grand jury was presented with relevant facts upon which it returned its indictment.
 
 
 32
 (R., Order of December 13, 1991 at p. 3.)
 
 
 33
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, resjudicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Rule 4.2 provides: In representing a client, a lawyer shall not communicate, or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another attorney in the matter, unless the lawyer has the consent to the other lawyer or is authorized by law to do so